## MOORE *vs.* McKIBBIN.

Where an agent, intrusted to sell property for not less than a specified sum, sells the same for less than the price fixed, an action for the conversion of the property will not lie, against him.

Where the complaint is for a wrongful conversion of property, and the proof establishes another and different cause of action, viz. a mere breach of duty on the part of the defendant, it is not a case of *variance,* which may be remedied by amendment, but is a failure of proof of the cause of action alleged, and the plaintiff should be nonsuited,

THE complaint in this action alleged that on or about the 10th day of November, 1858, the plaintiff, being the owner of a span of bay horses of the value of $800, he delivered the same to Erasmus D. Pierson, of Rochester, to be taken by him to Sringfield, Massachusetts, and there exhibited at a fair about to be held at that place, with authority to sell the horses for the best price to be obtained, not *less* than $500. That the said Pierson took the horses to Springfield, and not being able to dispose of the same at Springfield, took them to the city of New York; and being taken sick, was unable to continue in charge of them, and therefore placed them in the custody of the defendant McKibben, for safe keeping for the plaintiff. That the said McKibben afterward,

and on or about the 19th day of November, 1858, wrongfully sold and disposed of said horses, or converted the same to his own use, whereby the plaintiff had sustained damages to the value of the horses. He therefore demanded judgment for the sum of $800 and interest.

The answer was a general denial of the complaint.

The action was tried at the Monroe circuit, April 12, 1860, before Justice KNOX and a jury. The plaintiff gave evidence tending to show that in the fall of the year 1858 he was the owner, at the city of Rochester, of a valuable span of horses ; that in the month of September he delivered the said horses to one E. D. Pierson, to be taken by him to Springfield, in the state of Massachusetts, for exhibition at a national show, and to be sold by him if he could get for them the sum of $500 or more ; and if they were not sold in Springfield, he to take them to New York, exercising his judgment about selling ; but the plaintiff directed Pierson not to sell them for a sum less than $500, without letting him know. That Pierson took said horses to Springfield, and not making sale of them, went with them to the city of New York ; and thence he returned to Rochester ; that previous to leaving the city of New York he intrusted the care of said horses to the defendant, to sell if he got a chance, and directing him to get as much more than five hundred dollars as he could, but not to sell them for less than that sum ; that he did not tell McKibben that the plaintiff owned the horses, or had any interest in them ; and that upon his return to Rochester he informed the plaintiff of the manner in which he had delivered the horses into the care of the defendant, to which the plaintiff did not dissent. That subsequently, and before the commencement of this suit, the defendant sold and disposed of the said horses for the sum of $200, at the city of New York. The plaintiff thereupon rested. The counsel for the defendant moved for a nonsuit, on the ground that the action could not be maintained upon the facts proved, and that only an action in the nature of a special action on the case for a

breach of duty could be sustained, upon such a state of facts. The court intimated that the motion must be granted; whereupon the counsel for the plaintiff moved for leave, to amend the complaint, upon terms, so that it would conform to the facts proved. The court denied the motion, on the ground that it was not a case of variance, but one of an entire failure of proof; to which decision and ruling the counsel for the plaintiff excepted. The court thereupon granted the motion for a nonsuit, and ordered judgment for the defendant; to which decision and ruling the counsel for the plaintiff excepted; and from the judgment the plaintiff appealed.

*H. R. Selden,* for the appellant.

*Benedict & Martindale,* for the defendant.

*By the Court,* JOHNSON, J. The defendant, as appears from the evidence, had authority to sell the horses, but not at the price. He was to sell for not less than $500, and actually sold them for $200.

The case of *Sarjeant* v. *Blunt,* (16 *John.* 74,) is directly upon the point that an action for the conversion of the property will not lie against an agent, for selling under the price fixed. The same rule is laid down in *Cairnes & Lord* v. *Bleecker* (12 *id.* 300) though the point was not there decided. (*See also McMorris* v. *Simpson,* 21 *Wend.* 610.) This must be so upon principle, or else the purchaser would get no title. No one, I apprehend, would pretend that the purchaser did not get a good title, because the agent having power to sell, sold for a price something less than he was instructed to sell at. If the purchaser gets a good title, it must be upon the ground that the agent had the right to sell. If he could sell and transfer a valid title, the sale could not be tortious. The wrong in such a case consists, not in the act of selling, which is authorized, but in the breach of duty, in selling at the re-

duced and unauthorized price. It is not the want of author-ity, but the exercise of it contrary to the measure prescribed, which constitutes the wrong. The nonsuit at the circuit was therefore properly ordered; and a new trial must be denied, unless it was a case in which the judge had the right to allow the amendment to the complaint, which the plaintiff asked for, in order that it might be conformed to the facts proved. The judge, it will be seen, denied the application, not in the exercise of a discretion, but as a question of legal right, hold-ing the defect to be, not a mere variance, but an entire failure of proof of the cause of action. The cause of action set forth in the complaint was the conversion of the property, and the allegation of the cause of action was wholly un-proved in its entire scope and meaning. The evidence estab-lished another and different cause of action, but in no respect or degree the cause of action alleged. The amendments, had they been allowed as proposed, would have altered the com-plaint entirely, and converted it into a complaint containing a cause of action as distinct and separate from a cause of action arising from the conversion of property, as an action arising from assault and battery, or any other wrong. If the evidence had proved a conversion of the property, by some act of the defendant other than that alleged in the com-plaint, it would have been a variance, and amendable within the provisions of the code. But as it tended to establish a cause of action entirely different and distinct from the one alleged, and to disprove wholly the latter, it was just the case of a failure of proof of the allegation of the cause of action, in its entire scope and meaning. Although forms of action are abolished by the code, causes of action are not. They remain distinct and distinguishable as they ever were, and ever must be, while legal rules regulate the conduct and dealings of men with each other. The decision was therefore right, on both grounds, and a new trial must be denied.

[MONROE GENERAL TERM, September 8, 1860. *E. Darwin Smith, Knox* and *Johnson*, Justices.]