FRED GUND, APPELLANT, V. DOLOR ROULIER, APPELLEE.

FILED MAY 6, 1922.   No. 21947.

1. **Contracts:** PROOF. If a contract be reduced to writing, neither the mere transfer of the physical possession thereof by one party thereto to the other, nor the mere failure to make such transfer, is conclusive as to such contract becoming effective, although either such transfer or failure to transfer is probative of the intent of the parties.

2. ——: PAROL EVIDENCE. If a contract is reduced to writing, a condition thereof, not expressed in such writing, to the effect that the same shall become void if not signed by a third person, is a condition subsequent and parol evidence to prove such condition is inadmissible.

3. **Trial:** CONCLUSIVE EVIDENCE. Where the evidence in a case is such that fair and reasonable minds could not differ on the conclusion to be reached therefrom, there is no question of fact for the jury, even though there may be a scintilla of evidence in favor of an opposite conclusion.

APPEAL from the district court for Franklin county: WILLIAM A. DILWORTH, JUDGE. *Reversed, with directions.*

*Tibbets, Morey & Fuller* and *George J. Marshall,* for appellant.

*A. H. Byrum* and *Bernard McNeny, contra.*

Heard before LETTON, DEAN and DAY, JJ., BLACKLEDGE and TEWELL, District Judges.

TEWELL, District Judge.

This is an action brought to recover damages alleged to have been sustained on account of the failure of the defendant to deliver wheat as per the terms of a written contract, as follows:

"July 7, 1916. Contract No. 53. This is to certify that I have this day contracted and sold to Gund & Peterson ———— bushels of wheat at 85 cents per bushel (—— lbs. per bushel) to be clean, sound and dry and to grade No. 2, to be delivered into their elevator or cribs at Campbell on

or before the 30th day of Aug. 1916.   If damaged or in-
ferior grain is delivered and accepted on this contract, the
market difference at which such grain is selling under the
contracted grade day of delivery shall be deducted from
the contracted price.   I certify that this grain is in my
posession and free of all liens and incumbrances.   Dolor
Roulier.

"Received of Gund & Peterson five dollars to apply on
this contract.   Dolor Roulier."

The answer is a general denial coupled with a plea that
the written instrument sued upon was signed by the de-
fendant under a verbal agreement that the same should
be retained by the defendant for the purpose of securing
the signature of Moise Roulier, a brother of defendant, who
was then a joint owner of some wheat with defendant and
that after said Moise Roulier signed said instrument the
same should be signed by plaintiff before becoming effective
as a binding contract.   The answer also alleges that Moise
Roulier refused to sign said instrument, and that the same
was retained by the defendant, and never turned over to
the plaintiff, and never signed by the plaintiff, and never
became binding as a contract.   The answer further alleges
a tender of delivery of certain wheat raised by the defend-
ant and said brother, such tender being later than the
making of said writing, at 85 cents a bushel, and a refusal
of the plaintiff to accept the same.   The reply was a gen-
eral denial.   The cause was tried to a jury, and from a ver-
dict and judgment in favor of the defendant the plaintiff
has appealed.

The action was begun in the name of all members of the
firm of Gund & Peterson, but later plaintiff, Fred Gund,
was by assignment and order of court made sole party
plaintiff.

It will be noted from the above statement of the
case that the plea in the answer to the effect that
the negotiations for sale never ripened into a contract
and the plea of a tender of delivery on the contract and a
refusal of acceptance are not consistent defenses. Further

note that the blank space for inserting the number of bushels sold is not filled in. The evidence shows a state of facts differing materially from those pleaded in the answer. It is shown beyond dispute that the defendant signed the written instrument which is pleaded as a contract, and that a check for $5 was given the defendant by the plaintiff at the time of such signing. This check, which was never presented for payment, could not be located at the time of the trial, but the undisputed testimony of plaintiff is that there was written upon the check the words, "Advance on 4,000 bushels of wheat at 85 cents." The evidence also shows, beyond the point where reasonable minds could fairly differ, that a carbon was placed between two like sheets of paper prepared in book form for making contracts in duplicate like the one pleaded, and then the contract made by filling in blanks and by the signature of the defendant thereto, the original being given to the defendant and the carbon copy kept by the plaintiff. The plaintiff and witnesses Andy Peterson, Gottlieb Binder, and Fred Koch, all four testify that several days after the signing of the written instrument in suit the defendant made statements to the effect that he had sold 4,000 bushels of wheat to Gund & Peterson for 85 cents a bushel. The only evidence in support of the alleged verbal condition of the contract that the same should not be binding until signed by the plaintiff and Moise Roulier is that of the defendant himself, and the only fair construction that can be placed upon such testimony is that the written instrument took effect as a contract at the time of signing, but *was to become void* if not signed by Moise Roulier. This is clearly indicated, not only by the circumstances of the payment of the check for $5, but by the testimony of the defendant taken as a whole. Relative to the conversation which took place when the instrument sued upon was signed, the defendant was asked: "What was said about the proposition, in case Moise didn't sign it?" The answer was: "The contract I had entered into was to be void." While the answer is a mere conclusion of the witness, it is in keeping

with the rest of his testimony concerning the transaction in which the instrument sued upon was made.

From the above statement of the pleadings and the evidence it will be seen that one of the principal questions involved is whether or not parol evidence is admissible in an action upon a written agreement to prove an alleged oral condition of the agreement not contained in the writing, to the effect that, unless some specified event happened, the agreement, although effective when signed, should become void. We conclude that the answer must be in the negative. The case of *Stanley v. White,* 160 Ill. 605, illustrates the rule involved quite clearly.

It is true that one of the necessary elements of every legal act is that it must be final in its utterance, and that the finality of a writing as a legal act depends upon the circumstances of each case. The mere physical act of transferring the possession of a written instrument is not necessarily a conclusive test as to its finality. In most jurisdictions of the United States even the older rule as to the transfer of the possession of a deed to real estate to the grantee being a conclusive act of delivery is worn away. *Curry v. Colburn,* 99 Wis. 319; 4 Wigmore, Evidence, sec. 2408. That the finality of a writing as a legal act may depend on a third person's assent or upon almost any condition precedent to the act going into effect is not doubted. The case of *Pym v. Campbell,* 6 E. & B. (Eng.) 370, is a leading case in this regard. On the other hand, the fact that the maker may retain the physical possession of the writing, although probative of the intent of the parties, does not necessarily negative the finality of the act. *Doe v. Knight,* 5 B. & C. (Eng.) 671, a leading case. The finality of the act or so-called delivery of a written instrument is one of intention, and is more a question of fact than of law. *Dodd v. Kemnitz,* 74 Neb. 634.

The above citations are all cases of conditions precedent to the instrument becoming effective, or, in other words, becoming a legal act. The difficulty comes in distinguishing in practical application the principle

that conditions precedent to the document becoming effective may be shown, to show that the document never became a legal act, from the principle which denies validity to any oral part of a legal act that has been reduced to writing. This oral part of such act thus reduced to writing is invalid, and therefore parol evidence to prove the same is not admitted, and, if admitted, is of no effect. By this latter principle a condition subsequent to the act becoming effective, which, in order to be such a condition, forms a part of the act which it qualifies, must be contained in the writing, or it not only cannot be proved by parol, but, even if proved, is void. By the first rule, which relates to conditions precedent, this written document is not an act until the moment at which the parties intend it shall become effective arrives, and the arrival of this moment may be made to depend upon future events, which thus become conditions precedent to the existence of the act. By the second rule, which relates to conditions subsequent to the existence of the act, any oral part of such act, if the act is reduced to writing, is denied validity. The two principles are entirely distinct, and the difference between the two will often explain many of the so-called exceptions to the parol evidence rule, many of which are but applications of the rule relating to conditions precedent. *Security Savings Bank v. Rhodes,* 107 Neb. 223. See 4 Wigmore, Evidence, sec. 2410. The appellee relies strongly upon the case of *Dodd v. Kemnitz, supra.* The condition in that case was a condition precedent, and that case is therefore not in point. The case of *Nebraska Exposition Ass'n v. Townley,* 46 Neb. 893, is a case of a condition subsequent.

The above stated principles will often be more clearly distinguished and properly applied if it is constantly remembered that the so-called parol evidence rule is not a rule of evidence in any sense, but is rather a rule of substantive law. *Pitcairn v. Hiss Co.,* 125 Fed. 110; 4 Wigmore, Evidence, sec. 2400. The evidence of conditions subsequent is excluded, not because it is oral evidence, or

consists of spoken words, as it often may be in the form of written letters or telegrams, but because the parties to the written act have by such act declared what facts shall have legal effect, and have conclusively excluded all others, and are bound by contract, a rule of substantive law, and not a rule of evidence, to abide by those facts. Thus conditions subsequent, which qualify the act of which they are a part, become ineffective, and are denied validity, and are therefore immaterial and thus inadmissible. Even if admitted without objection such evidence has no legal effect. In this connection a keen distinction must be made between the rule which provides that the statute of frauds may be waived by failure to object to the introduction of oral evidence and the rule denying validity to conditions not expressed in an act as reduced to writing. At common law no legal act was required to be in writing, except to comply with the rule that if an act was reduced to writing it could not be canceled or annulled except by an act in writing or of as "high" a quality, and yet the parol evidence rule is a principle of the common law. The statute of frauds deals, not with the validity of the agreement, but only with the evidence to prove it, while the parol evidence rule does deal with the validity of the agreement.

Applying the above rules to the case at bar we conclude that no fair construction of the evidence, which includes the circumstances surrounding the execution of the instrument in suit, could result in any other conclusion than that such instrument became effective at the time of signing, and that the alleged condition that the contract should become void if not signed by Moise Roulier was a condition subsequent and therefore of no effect. The evidence fails to support the allegations of the answer. The appellee in his brief makes mention of no objection having been made to a part of the evidence relating to the alleged condition precedent. The application of the statute of frauds might have been thus waived, but that which was denied validity did not become effective by being introduced without objection. The number of bushels sold was

supplied by the writing on the check and the written con-
tract thus made complete and all in writing.   Further-
more, the evidence is past the point where reasonable
minds could differ relative to there being any condition
either precedent or subsequent to the contract.   This
court has announced the rule that, where a cause is de-
cided by a jury on conflicting evidence under proper in-
structions, the verdict will not be disturbed on appeal, but
it is also a wholesome rule of law, and one which will pre-
vent a lot of litigation and also many a gross injustice,
that, where the evidence is such that fair and reasonable
minds could not differ on the conclusion to be reached
therefrom, there is no question of fact for the jury, even
though there may be evidence in favor of an opposite con-
clusion.   We conclude that it was the duty of the trial
court to have instructed the jury that the only question of
fact for it to determine was the amount of the damage,
inasmuch as this damage might vary under the evidence
and the rule of damages.   For the reasons above stated,
the judgment rendered by the trial court is reversed, and
the cause is remanded, with directions that the amount
of damages be determined under proper instructions as to
the measure of damages.

                                           REVERSED.

The following opinion on rehearing was filed October
20, 1922.   *Former judgment of reversal vacated, and judg-
ment of district court affirmed.*

**Appeal:**   AFFIRMANCE. · Upon a reexamination, the record is found to
   be free from error, and our former judgment of reversal is va-
   cated and set aside, and the judgment of the district court af-
   firmed.

Heard before MORRISSEY, C. J., DEAN, ROSE and DAY,
JJ., REDICK and SHEPHERD, District Judges.

DAY, J.

Upon consideration of the defendant's motion for a re-
hearing in this case, the court ordered a reargument,

which has been made. Our former opinion is reported, *ante* p. 589, wherein the issues are clearly defined, and need not be here repeated.

It was the plaintiff's theory that the instrument sued upon was a complete, binding and effective contract in all respects, except that the number of bushels of wheat was by inadvertence left blank, and as to that item the plaintiff maintained that he had the right to show by parol testimony the number of bushels sold. As to the other features of the instrument the plaintiff is insistent that its terms could not be modified or explained by parol. The theory of the defendant was that certain conditions precedent were to be performed before the instrument was to become a binding contract, one of them being that the instrument should be signed by Moise Roulier, a brother of the defendant, who was a part owner of the wheat. Defendant insisted that parol testimony was admissible to show that the instrument never became in fact a contract.

In our former opinion the classes of cases in which parol testimony is admissible and those in which it is not admissible are clearly distinguished, and we are satisfied with the principles of law as therein announced. Upon a reexamination of the record, however, we are now convinced that we were in error in holding that the facts showed a condition subsequent, and that therefore the testimony offered was improper as tending to vary the terms of the written contract. We think it a fair inference from the record that the plaintiff knew before the instrument was signed by the defendant that Moise Roulier was a part owner of the wheat proposed to be purchased. This being true, it is probable that the plaintiff would desire that both the owners sign the instrument, and is a circumstance which corroborates the defendant in his statement that the paper was not to be a contract until signed by his brother Moise.

Considering all of the circumstances in evidence, together with the direct testimony of the defendant that the instrument was not to become an effective contract until

after it was signed by Moise Roulier and delivered to the plaintiff, we are convinced that the question* as to whether there was in fact an existing contract was a question of fact to be submitted to the jury. The trial court took this theory and submitted to the jury the question as to whether the instrument was to be signed by Moise before it became effective.

Upon a further consideration of the record, we are convinced that our former conclusion as to the facts was erroneous, and that the issues were properly presented to the jury by the trial court.

It appearing that there is no error in the record, our former judgment of reversal is vacated and set aside, and the judgment of the district court

AFFIRMED.