## GORDON v. POLLOCK.

No. 15704—Opinion Filed Dec. 14, 1926.

Rehearing Denied March 8, 1927.

1. Conversion—Definition.

"Conversion" is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights.

2. Same—Action for Wrongful Conversion —Failure of Proof.

Where the petition is for a wrongful con-

version of property, and the proof establishes another and different cause of action, viz., a mere breach of duty on the part of the defendant, it is not a case of variance, but is a failure of proof of the cause of action alleged.

### 3. Appeal and Error—Reversible Error in Charge Though no Instructions Requested.

If there is a material misdirection in the charge of the court, it is sufficient ground for reversal, although no instructions are requested.

### 4. Contracts—Payment Conditioned on Action of Third Party.

When an obligation to pay money is dependent on the action of a third person over whom neither party has any control, payment cannot be exacted unless the specified act is performed.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No 5.

Error from District Court, Oklahoma County; James I. Phelps, Judge.

Action by J. N. Pollock against Samuel Gordon for conversion of certain money. Judgment for plaintiff, and defendant brings error. Reversed.

Selby & Callihan, for plaintiff in error.

Walter & Hilpirt, for defendant in error.

Opinion by PINKHAM, C. This was a suit brought by the defendant in error, J. N. Pollock, plaintiff in the trial court, against Samuel Gordon and the First National Bank of Oklahoma City, for the sum of $350 and interest. The parties will be referred to as they appeared in the lower court.

The plaintiff, Pollock, alleged, in substance, in his petition, that he, "pursuant to a telephone conversation, sold defendant Gordon an assignment of a 40-acre oil and gas lease for a consideration of $350 cash," describing the same; that it was agreed between plaintiff and defendants that the assignment of said lease should be forwarded to the defendant bank to be held by the bank until the defendant Gordon should pay the $350; that pursuant to said agreement plaintiff forwarded the assignment to the bank with instructions to forward plaintiff the money when paid, and deliver the assignment to defendant Gordon; that defendant Gordon, after the bank had received and accepted said instructions and assignment, paid the $350 to the bank. The written assignment is attached as an exhibit to the petition, which assignment contains the two provisions, to wit:

"Subject to the approval of the Secretary of the Interior to Samuel Gordon, and said assignment to be effective from the date of approval by the Secretary of the Interior."

The petition further alleges that defendant Gordon has "failed and neglected to procure the approval of the Secretary of the Interior of said assignment"; that the bank "failed, neglected, and refused to pay said money over" to this plaintiff, and "paid the money belonging to the plaintiff bank to defendant Gordon; that they (defendant Gordon and the bank) converted said money to their own use and benefit"; that defendant Gordon "has refused and neglected to return the said $350 to the plaintiff," and "has converted said money to his own use and benefit."

The petition also alleges that plaintiff "is ready, able, and willing to deliver said assignment" to the "defendants or either of them," and tenders same into court "for their use and benefit."

The petition prays judgment against "defendants and each of them" in the sum of $350 with interest and costs.

To this petition the bank filed its answer denying generally the allegations of the petition. The defendant Gordon answered separately by, first, a general denial, and second, specially pleading facts showing the transaction to be different from that alleged by plaintiff, in that plaintiff by telephone to Gordon agreed that upon defendant Gordon depositing $350 in bank the plaintiff would deposit the assignment, and authorize the bank to deliver same to defendant Gordon to enable him to procure the approval of the Secretary of the Interior thereto, and that upon failing to procure this approval the defendant could return said assignment to the bank, and take down his deposit; further alleging that defendant Gordon deposited with said bank his personal check for $350 payable to the bank, and withdrew said assignment for the purpose of approval, and was in the act of procuring this approval when upon demand of the bank he returned said assignment thereto and received therefrom his said check. Defendants' answer in addition contained a counterclaim against the plaintiff, which at trial was abandoned.

At the conclusion of plaintiff's case both defendants Gordon and the bank interposed demurrers to plaintiff's evidence. The court sustained the bank's demurrer, but overruled, with exceptions, the demurrer of defendant Gordon. At the conclusion of the

whole case, defendant Gordon moved for a directed verdict against plaintiff, which was overruled with exceptions.

The jury returned a verdict in favor of plaintiff against defendant Gordon for $350 with interest and costs. Motion for a new trial was overruled, exceptions reserved, and the cause is now before this court upon the appeal of the defendant Gordon by petition in error and case-made attached.

There is little, if any. dispute in the evidence in this case. The plaintiff Pollock sold to the defendant Gordon in a telephone conversation a certain assignment of an oil and gas lease on an Indian allotment for the sum of $350 under an arrangement to the effect that he, Pollock, would deposit the assignment in the First National Bank, and the defendant Gordon would deposit his check for $350, the bank to be authorized to turn over the assignment to Gordon when the same was approved by the Secretary of the Interior, in which event the bank was authorized to turn over Gordon's check to the plaintiff, Pollock.

It appears that the defendant Gordon withdrew the assignment for the purpose of arranging to have it approved, at which time the plaintiff, Pollock, demanded the $350 from the bank, and that then Gordon returned the assignment to the bank and withdrew his check, whereupon the bank returned the assignment to the plaintiff, Pollock. Pollock then brought this action based squarely upon the theory of conversion of $350 by the bank and the defendant Gordon.

It is clearly apparent from an examination of plaintiff's petition that the suit was based upon the theory of conversion; a conversion of "money belonging to the plaintiff": and a judgment was sought against the bank and Gordon on that theory. The record discloses that throughout the trial of the cause, and down to the close of plaintiff's case, he sought judgment against both the bank and Gordon for the conversion of $350 of money, and excepted to the court's order sustaining the bank's demurrer to the plaintiff's evidence.

The evidence discloses that at no time did the defendant Gordon pay any money to the codefendant bank, and that at no time did the bank have any money in its hands belonging to plaintiff. The evidence was to the effect that the defendant Gordon had delivered a check for $350 payable to the bank into the hands of the officers of the collection department of the bank, which check was retained for some time without

an acceptance thereof in writing and without charging it to the account of defendant Gordon, and which check was later returned to him.

"Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights." McCracken v. Cline, 55 Okla. 37, 154 Pac. 1174.

In the case of Aylesbury Mercantile Co. v. Fitch, 22 Okla. 475, 99 Pac. 1089. this court quotes with approval from the case of Moore v. McKibbon (N. Y.) 33 Barb. 246, as follows:

"* * * Where the complaint is for a wrongful conversion of property, and the proof establishes another and different cause of action, viz., a mere breach of duty on the part of the defendant, it is not a case of variance, which may be remedied by amendment, but is a failure of proof of the cause of action alleged, and the plaintiff should be nonsuited."

The court in its second instruction told the jury that the burden of proof is upon the plaintiff to prove the material allegations of his petition by a preponderance of the evidence. "and unless you find that the plaintiff has proved the material allegations of his petition by a preponderance of the evidence it will be your duty to return a verdict for the defendant."

The material allegations of plaintiff's petition were, in substance, that plaintiff sold defendant Gordon the assignment of the lease in question; that plaintiff forwarded the assignment to the bank with instructions to deliver the same to Gordon and collect the money; that Gordon paid the money to the bank; that the bank refused and failed to pay the money to the plaintiff, but instead returned the assignment to plaintiff and the money to Gordon; that the money was the money of plaintiff when received by the bank; that they (the bank and Gordon), converted said money to their (the bank's and Gordon's) own use and benefit; that upon Gordon receiving the $350 paid back to him by the bank he "has converted said money to his own use and benefit and to the damage and detriment of the plaintiff."

Such were the allegations of the petition referred to in the court's second instruction, and which were required to be proven by the plaintiff.

All of the evidence in the case was, we think, a clear departure from the allegations of the petition. The petition was one for conversion, and the plaintiff sought to re-

cover on the theory of an outright purchase and sale of the assignment in question. .

The court, however, in its first instruction told the jury in substance that plaintiff "brings this suit against Samuel Gordon * * * for the sum of $350 with interest * * * which he claims to be due him from defendant as the purchase price of the assignment of a certain oil and gas lease purchased by defendant from plaintiff, and alleges that defendant has not paid said $350, but that the assignment of said oil and gas lease was executed and delivered to him."

To this instruction the defendant Gordon excepted.

The allegations of the petition for conversion sounded in tort, and the second instruction told the jury that if they found these allegations to be supported by the evidence the verdict should be in favor of the plaintiff. The first instruction, however, told the jury that the plaintiff sued defendant for money due for the purchase price of an interest in an oil lease, which amount, after plaintiff had executed and delivered the assignment, the defendant Gordon had not paid. This second instruction was on the theory of a debt due, or for damages for breach of contract to pay money. These instructions were inconsistent and conflicting.

The court in its third instruction, in addition to what was said to the jury in the first instruction, along the theory of failure to comply with a contract of purchase of the assignment of the lease, told the jury in effect that if it should "find * * * from the evidence * * * that plaintiff sold the * * * assignment, with the agreement and understanding that the purchase price, to wit, $350, should be paid upon delivery of the assignment, and that said assignment was executed and delivered, and that defendant refused to pay said purchase price without legal cause, then plaintiff would be entitled to recover and the verdict should be for plaintiff for $350 with interest. * * *"

This instruction was upon the theory of breach of contract and conflicts with the specific allegations of plaintiff's petition, and with instruction No. 2 which instruction confines the jury to "the material allegations of plaintiff's petition."

Furthermore, in instruction No. 5 the court told the jury that they are "not at liberty to select any one or more of the instructions less than the whole number and ignore the others, but should regard each instruction as a necessary part of this charge."

In the early case of Payne v. McCormick Harvesting Machine Co., 11 Okla. 318, 66 Pac. 287, it was said in the body of the opinion at page 329:

"While it is a general rule that all of the instructions must be considered as a whole and construed together and no particular one singled out to the exclusion of another, yet the instructions as a whole must be consistent and harmonious, and where two instructions contain inconsistent propositions, the cause will be reversed, for the reason that the court is unable to tell which the jury followed and which they ignored."

In the case of Chickasaw Compress Co. v. Bow, 47 Okla. 576, 149 Pac. 1166, it is said in the opinion at page 581:

"It is the duty of the court to give instructions that are substantially correct in all material parts, and to correctly state the law applicable to the case on trial, as made out by the pleadings and the evidence," citing numerous authorities.

"If there is a material misdirection in the charge of the court, it is sufficient ground for reversal, although no instructions were asked." 38 Cyc. 1698 (b).

The court's instruction No. 2 was in harmony with the petition, and no exception was taken thereto; but instructions No. 1 and No. 3, heretofore referred to, departed from the petition in conversion, and were given on the theory of breach of contract of bailment as against the bank and breach of contract of purchase as against the defendant Gordon.

From all of the evidence it is clear that there was no money in the hands of the bank belonging to plaintiff; that there was no conversion of money by either the bank or the defendant Gordon; and, further, that there was no enforceable contract of sale between the parties.

The assignment and lease contained conditions that made a transfer of interests therein dependent upon the action of the Secretary of the Interior. These conditions were incorporated into the assignment.

We think it is clear that the judgment cannot stand on the theory of conversion. Neither can it stand on the theory of breach of contract.

If the $350 had been deposited in bank by the defendant Gordon, as contended by the plaintiff, as a consideration for the assignment of the lease, there was no consideration that would support passing of title to

the money to plaintiff until the condition in the assignment that it should be effective from date of approval of Secretary of the Interior had been fulfilled.

In the case of Beams v. Young et al., 92 Okla. 294, 222 Pac. 952, this court, in discussing the provisions of a departmental oil lease relating to the requirement that the same shall be subject to the approval of the Secretary of the Interior, quotes with approval two decisions as follows:

" 'A claim dependent upon a future contingency—on the happening of an event which may never happen—does not accrue until the event happens; until then it is not a claim.' Farris v. Stoutz, 78 Ala. 130. 'A promise to pay which is conditioned on the performance of an act, or depends on the happening of a contingency, cannot be enforced, unless the condition has been performed or the contingency has happened.' Rollins v. Denver Club, 43 Colo. 345. 96 Pac. 188, 18 L. R. A. (N. S.) 733."

In view of the express provisions and conditions in the assignment in question incorporated therein by the plaintiff, and the assignment showing that it had never been approved by the Secretary of the Interior, it may be said as a matter of law that the obligations of the parties, if any, were dependent upon the event of the approval of the assignment by the Secretary of the Interior, and that the title to the interest in the lease had not passed to defendant, nor had the plaintiff become entitled to the money, even had the money been in the bank.

It appears to be the theory of the defendant that under the telephone arrangement the defendant was to procure this official approval and failed to do so.

We think it sufficient to say that the condition in the assignment was controlling and, further, that the plaintiff does not sue in breach of contract.

We think the judgment of the trial court should therefore be reversed and remanded, with directions to grant the plaintiff in error a new trial.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. p. 2005; 6 R. C. L. p. 1065. 2 R. C. L. Supp. p. 274; 4 R. C. L. Supp. p. 459; 5 R. C. L. Supp. p. 388. (2) 38 Cyc. p. 2076. (3) 3 C. J. p. 858, §758; 38 Cyc. p. 1698. (4) 13 C. J. p. 634. §703.