GUY E. TATE, APPELLANT, V. LOUIS J. KRENTZ ET AL., APPELLEES.

FILED DECEMBER 11, 1934. No. 29063.

*Charles W. Haller* and *Guy E. Tate,* for appellant.

*Gray & Brumbaugh,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and ELDRED, District Judge.

Rose, J.

This is a suit in equity for specific performance of a contract obligating Louis J. Krentz to sell and convey to Guy E. Tate, plaintiff, lots 7 and 8, block 105, with the dwelling-house thereon, in the village of Bellevue. Louis J. Krentz, owner of the lots, Margaretta Krentz, his wife, Jesse Cunningham and Mary Cunningham are defendants. Plaintiff Tate resided in Omaha, Nebraska, and defendants Krentz in Cheyenne, Wyoming. It was alleged in the petition that, beginning March 2, 1933, and ending May 20, 1933, a contract of sale and purchase, for the consideration of $1,000, subject to encumbrances, was made by correspondence pleaded in full; that plaintiff tendered $1,000 and otherwise complied with the terms of his purchase; that Louis J. Krentz refused to convey the lots to plaintiff; that on May 17, 1933, A. B. Bachelder, as agent for Louis J. Krentz, without authority, agreed to sell the same real estate to Jesse Cunningham who placed the agreement on record, thus clouding the title; that Jesse Cunningham, with knowledge of plaintiff's purchase, entered into the Bachelder contract of sale.

Defendants Krentz, in their answer, admitted the correspondence terminating in the agreement to sell the lots to plaintiff, but alleged among other defenses that Louis J. Krentz went to Omaha on May 22, 1933, to make the transfer, delivered to plaintiff the abstract of title and the key to the premises and was ready and willing to comply with the contract pleaded in the petition, but that plaintiff refused performance on his part, returned the key, arranged for the redelivery of the abstract, abandoned his contract and so stated; that thereafter Louis J. Krentz accepted Jesse Cunningham's offer of purchase and delivered to him a warranty deed before learning of plaintiff's present claim or suit.

Defendants Cunningham admitted the making of the Bachelder contract and alleged that it was approved by Louis J. Krentz; that under it they went into possession

of the premises and afterward received a warranty deed from the owner before the bringing of the present suit and are now owners of the fee. The replies to the answers amount to denials of matter not admitted in the petition.

Upon a trial of the cause the district court found the issues in favor of defendants and dismissed the suit. Plaintiff appealed.

The assignment of error is that "the decree is not supported by the evidence and is contrary to law." The making of the contract pleaded in the petition is definitely shown by the proofs. Whether the circumstances were such as to justify the conclusion that the parties abandoned it is the material inquiry on the issues of fact. There is evidence tending to prove good faith on the part of Louis J. Krentz in an attempt to carry out his agreement. He wired he would arrive soon in Omaha to sign the papers. He delivered to plaintiff the abstract and the key promptly and said he was ready to make the deed. Early in the negotiations plaintiff was confronted with the necessity of prompt and decisive action on his part. He had been warned by wire to make immediate reply to the terms of sale offered or a deal with another party would be closed. He had been told a sale was necessary. Knowing Jesse Cunningham and Bachelder were engaged in negotiations, plaintiff, without conferring with them, carried on his correspondence with the owner at Cheyenne, Wyoming. In this situation there is testimony tending to prove that plaintiff never paid to Louis J. Krentz any pecuniary consideration for the property. The contents of tender, if properly made, remained in the hands of plaintiff. His contract was not recorded. Before the owner refused to make a conveyance to plaintiff, the latter knew Jesse Cunningham, who had been negotiating with Bachelder as agent, was in possession making improvements. Plaintiff had received the abstract and the key with assurance that the owner was ready for immediate performance. In this

connection there is testimony that plaintiff said to the owner, when returning the key, there "was quite a mess down there;" that "I guess this lets me out;" that the abstract was also returned to the owner who testified he relied on these statements and the attitude of plaintiff as thus implied, closed the deal negotiated by Bachelder and deeded the lots to Jesse Cunningham. Neither the agent nor the grantee acted in bad faith or in fraud of plaintiff's rights. The deed was placed on the public records and the legal title was in the grantee before the present suit was brought. While plaintiff's testimony is to the effect that he did not regard the accepting and returning of the key as an emblem of possession or of the surrender of possession and that he did not abandon his rights under his contract of purchase, the better view of the entire record seems to be that the owner of the lots was justified, under the circumstances, in treating the statements and attitude of plaintiff as an abandonment of his contract and in acquiescing therein.

It is a salutary rule that specific performance of an unrecorded contract to purchase real estate, the price not having been paid, is not demandable as a matter of right but depends on the circumstances of each particular case and the sound discretion of a court of equity.

Another rule of equity is that the parties to an unrecorded contract for the sale and purchase of real estate, the price not having been paid, may destroy the written instrument itself or abandon it by parol.

In view of these precepts and the conclusion reached on the facts, plaintiff was not entitled to a decree for specific performance. It follows that the suit in equity was properly dismissed.

AFFIRMED.