EVERETT H. EVANS, APPELLANT, V. PLATTE VALLEY PUBLIC POWER AND IRRIGATION DISTRICT, APPELLEE.

13 N. W. 2d 401

FILED MARCH 3, 1944. No. 31721.

*William C. Dorsey* and *James T. Keefe,* for appellant.

*Beeler, Crosby & Baskins, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CHAPPELL, J.

Plaintiff brought this action against defendant, a public power and irrigation district organized and existing under the laws of Nebraska, to recover an alleged balance due upon a contract for legal services. When the issues were made complete by their respective pleadings the parties waived a jury and the case was tried to the court, resulting

in a judgment for defendant. Plaintiff appeals to this court assigning as error that the judgment is not supported by the evidence and is contrary to law.

The questions for decision are, whether the parties entered into a contract to increase plaintiff's salary, conditioned that it be approved by P. W. A. officials, and, whether it was thereafter so approved?

There is no dispute in the evidence which discloses that plaintiff was employed as chief counsel for defendant and as such rendered valuable services from the time of its organization in June, 1933, until December 31, 1937. On August 29, 1935, plaintiff sent a letter of resignation to defendant terminating his services as of September 1, 1935. Plaintiff then left the city of North Platte for a short period of time and upon his return was solicited by certain officials of defendant and members of the board of directors thereof to reconsider the action he had taken. Thereupon plaintiff met with the board of directors of defendant district at their regular meeting on September 21, 1935. At this meeting after much discussion of the matter and in plaintiff's presence a motion was made in proper manner and form and the board of directors adopted a resolution, which is reflected in the official minutes of defendant corporation, increasing plaintiff's salary from $500 to $850 a month effective September 23, 1935, *all subject to the approval of P. W. A.*

The only moneys that defendant district ever had with which to increase plaintiff's salary, or as a matter of fact for any other purpose, were funds loaned to it by P. W. A. under conditions specifically imposed by debenture loan agreements requiring that every prospective expenditure by the district for any purpose or amount must be first approved by P. W. A. officials of the state and nation. Plaintiff, as chief counsel for defendant, had full and complete notice and knowledge of all these facts and circumstances. It is evident also that he had knowledge of their legal significance. The resolution of the board of directors is pleaded verbatim in plaintiff's petition, together with the allega-

tion appearing thereafter, "that P. W. A. in substance and effect, approved and assented to plaintiff's said employment and agreed compensation."

The evidence further discloses that after adoption of the resolution defendant made every reasonable effort to obtain the approval and allowance of the increase, and this even after plaintiff's employment finally terminated. Nevertheless, P. W. A. officials continuously and steadfastly at all times refused to give their approval. As early as October 29, 1935, and again on April 22, 1936, the proposed increase was disapproved and disallowed by appropriate P. W. A. officials in letters sent to defendant, which plaintiff read at the times they were received. However, with this notice and knowledge plaintiff voluntarily continued as chief counsel for defendant and accepted, endorsed and cashed pay checks on the 1st and 15th of each month during the entire period from September 23, 1935, to and including December 31, 1937. These checks, each for the sum of $250 semi-monthly, had printed on their face, "In full for all wages or salary from ———————— (date inserted) to ———————— (date inserted)," and immediately above plaintiff's endorsement appeared these words, "Endorsement and cashing of this pay roll check receipts in full for all wages or salary claims for period shown on face of this check."

Applicable rules of law are: "A condition precedent in the law of contracts either may be a condition which must be performed before the agreement of the parties shall become a binding contract, or it may be a condition which must be fulfilled before the duty to perform an existing contract arises." 17 C. J. S. 792, sec. 338. See, also, 12 Am. Jur. 849, sec. 296. A contract, the fulfillment of which by express or implied agreement is made to depend upon the act or consent of a third person, over whom neither party has any control, cannot be enforced unless the act is performed or the consent given. See 17 C. J. S. 940, sec. 456f; 13 C. J. 634. And, except for fault of the promisor, reasons given for failure or refusal to act or give consent

are immaterial. See 17 C. J. S. 969, sec. 468b, 939, sec. 456d; 13 C. J. 648.

As usual, we find in the authorities a transposition of words but the same result. In *Federal Reserve Bank v. Neuse Mfg. Co.*, 213 N. Car. 489, 196 S. E. 848, the court said:

"That a contract is not made so long as in the contemplation of both parties thereto something remains to be done to establish contract relations is too well established to require the citation of authority. * * *

"In negotiating a contract the parties may impose any condition precedent, a performance of which condition is essential before the parties become bound by the agreement. A promise, or the making of a contract, may be conditioned on the act or will of a third person." See, also, *Gund v. Roulier*, 108 Neb. 589, 188 N. W. 185 (on rehearing, 108 Neb. 595, 190 N. W. 220) ; *Hanneman v. Olson*, 114 Neb. 88, 206 N. W. 155. In *Garner v. Grogan*, 136 Okla. 261, 277 Pac. 649, we find this statement: "When an obligation to pay money is, by agreement, made to depend upon the action of another party, over whom neither party has control, payment cannot be exacted unless the specific act is performed." See, also, *Beams v. Young*, 92 Okla. 294, 222 Pac. 952, and *Gordon v. Pollock*, 124 Okla. 64, 253 Pac. 1021. In both of these last cited cases the obligations of the parties were conditioned upon the approval of the Secretary of the Interior of the United States.

The evidence in the case at bar clearly establishes that the parties entered into a contract for an increase in plaintiff's salary as chief counsel for defendant, upon condition that it would be approved by P. W. A. officials, but the latter failed and refused to do so, and, under the law, we must find that plaintiff cannot recover.

We have not overlooked other propositions of law ably presented by counsel for the parties, but we do not consider it proper or necessary to discuss them in this opinion since the authorities heretofore cited and discussed entirely dispose of the case on its merits.

The judgment of the trial court is supported by the evidence, is in conformity with the law, and it is affirmed.

AFFIRMED.