CHARLES E. O'BRIEN, APPELLANT, v. JOHN W. FRICKE ET AL., APPELLEES.

27 N. W. 2d 403

Filed May 9, 1947. No. 32219.

*Charles E. O'Brien,* pro se and *Rosewater, Mecham, Shackelford & Stoehr,* for appellant.

*Collins & Collins,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

Plaintiff, as vendee, brought this action seeking specific performance of a farm land contract with abatement of the purchase price because plaintiff was allegedly induced to enter into the contract by misrepresentations of defendant owners relating to the condition of the improvements and the number of acres under cultivation. The trial court found that the allegations of the defendants' amended answer were true, entered judgment for defendants, and dismissed plaintiff's action. Motion for new trial was overruled, and plaintiff appealed, assigning generally that the trial court erred in refusing to award him the relief sought. We conclude that his contentions cannot be sustained.

Defendant Werner Hellbusch was made a party solely by reason of his tenancy on the land. Hereinafter, in speaking of defendants, we refer only to the owners of the land, who are alleged to have contracted to sell it to plaintiff.

Plaintiff alleged substantially in his amended and supplemental petition that on or about February 4, 1945, defendants advertised their 450 acre farm for sale in the Omaha World-Herald, representing that the land had good improvements and contained 300 acres of cultivated land. He alleged that relying on those statements and representations, he was induced to enter into a written contract with defendants, by which he agreed to purchase, and defendants agreed to sell and convey the land to him, free and clear of all encumbrances, for a consideration of $14,625. The contract was, however, "subject on the further condition that

after acceptance by mortgaging said land I can borrow $7,312.50 unconditionally from the Federal Land Bank and $2,925.00 unconditionally from the Land Bank Commissioner," purchase to be closed "upon completion of above loans." Plaintiff further alleged that the aforesaid representations made by defendants were false, by reason of which the farm was of less value and he was unable to obtain the loans for those amounts and thus comply with the contract. However, being desirous of purchasing the land as agreed, but with a reasonable abatement of purchase price, it was alleged that plaintiff offered and still offers to perform in that manner but defendants refused and still refuse to so perform. It was prayed that the court determine upon a reasonable and just abatement, less rents paid by the tenant; require defendants to specifically perform upon that basis; and award general equitable relief.

Defendants, in their amended answer, after denying generally, admitted publication of the advertisement without their knowledge, by a real estate agent with whom they had listed the property for sale. However, they specifically denied that plaintiff relied thereon or that they ever intentionally misled or made any misrepresentations to plaintiff as an inducement to enter into the contract. It was alleged in substance that he inspected the land and its improvements on at least two or three occasions, had full knowledge of the condition of the farm improvements and was orally informed of the actual number of cultivated acres of land prior to entering into the contract. They also alleged that plaintiff, relying upon his own investigations, specific knowledge, and judgment, prepared and presented the proposed contract which contained not only a reduction of $2,250 in purchase price, but also his own terms and conditions which defendants accepted. It was alleged that they have never refused to comply with and perform the terms of the contract as made, the performance of which was conditioned solely upon plaintiff being

able to borrow $10,237.50, representing 70 percent of the purchase money unconditionally as recited therein, and that when the dependent condition failed, plaintiff could not perform; therefore, the contract, being wholly executory, no longer existed, failed of enforcement for want of mutuality of obligation, and with defendants acquiescence was thereupon rescinded and abandoned by plaintiff. Their prayer was for dismissal of the action.

Plaintiff's reply completed the issues and among other things denied generally the allegations of defendants' answer. Other matters were alleged in the pleadings but in view of our conclusions it will be unnecessary to recite them.

Being equitable in character, the action is triable de novo in conformity with section 25-1925, R. S. 1943, which requires this court to: " * * * reach an independent conclusion as to what finding or findings are required under the pleadings and all the evidence, without reference to the conclusion reached in the district court or the fact that there may be some evidence in support thereof." That rule, as applicable to the record before us, is: "Subject, however, to the condition that when the evidence on material questions of fact is in irreconcilable conflict this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying and must have accepted one version of the facts rather than the opposite." Rettinger v. Pierpoint, 145 Neb. 161, 15 N. W. 2d 393.

Relevant evidence appearing in the record establishes without question that plaintiff was careful, since he admittedly did not have sufficient money with which to pay the purchase price, to so word the contract and have a complete understanding with defendants that there should be no contract and that there would be no obligation on his part to perform the contract until or unless he was first able to unconditionally obtain the loans from third parties over which none of the

parties to the contract had any control. In other words, the instrument was not to become an effective contract binding plaintiff to perform or pay the price until or unless he was able to consummate the loans and thereby obtain $10,237.50, the amount of money required by him to pay the purchase price, which he was unable to do. He was unable to obtain loans aggregating more than $8,500, and now seeks to change the conditions of the contract without defendants' consent, and enforce performance by them primarily upon the basis of a proportionately reduced consideration, or even for a less amount. We have concluded under the pleadings and all the evidence adduced, that defendants were not at fault for plaintiff's failure to perform, and upon that premise we will discuss applicable rules of law decisive of the case.

The specific performance of a contract by a court of equity is not generally demandable or awarded as a matter of absolute legal right but is directed to and governed by the sound legal discretion of the court, dependent upon the facts and circumstances of each particular case. It will not be granted where enforcement would be unjust, and may be denied where the party seeking it has failed to perform. Wilson v. Bergmann, 112 Neb. 145, 198 N. W. 671; Wineberg v. Baker, 123 Neb. 411, 243 N. W. 122; In re Estate of Nelson, 127 Neb. 563, 256 N. W. 27; Tate v. Krentz, 128 Neb. 68, 257 N. W. 495; Wiiest v. Pounds, 142 Neb. 882, 8 N. W. 2d 211; 58 C. J., Specific Performance, § 13, p. 855.

Related thereto is the rule that if a purchaser is aware of a deficiency in the subject matter actually existent at the time of entering into a contract for the purchase of real estate, he will not, in a suit for specific performance, be entitled to any compensation or abatement of price unless equity and good conscience clearly require it. Moore v. Lutjeharms, 91 Neb. 548, 136 N. W. 343.

It is axiomatic that the contract sought to be performed must be the contract which the plaintiff and

defendants made. Union Central Life Insurance Company v. Cover, 137 Neb. 260, 289 N. W. 331. That is true, because in suits for specific performance, courts will not attempt to make a new contract for the parties litigant which they did not make themselves, or enforce new conditions which could not have been within the minds of the contracting parties, or enforce a contract which does not contain the substance of the agreement made by the parties. Anderson v. Schertz, 94 Neb. 390, 143 N. W. 238.

In Evans v. Platte Valley Public Power and Irrigation District, 144 Neb. 368, 13 N. W. 2d 401, this court recently used language which has application to the case at bar. Therein it was said: "'A condition precedent in the law of contracts either may be a condition which must be performed before the agreement of the parties shall become a binding contract, or it may be a condition which must be fulfilled before the duty to perform an existing contract arises.' 17 C. J. S. 792, sec. 338. See, also, 12 Am. Jur. 849, sec. 296. A contract, the fulfillment of which by express or implied agreement is made to depend upon the act or consent of a third person, over whom neither party has any control, cannot be enforced unless the act is performed or the consent given. See 17 C. J. S. 940, sec. 456f; 13 C. J. 634. And, except for fault of the promisor, reasons given for failure or refusal to act or give consent are immaterial. See 17 C. J. S. 969, sec. 468b, 939, sec. 456d; 13 C. J. 648.

"As usual, we find in the authorities a transposition of words but the same result. In Federal Reserve Bank v. Neuse Mfg. Co., 213 N. Car. 489, 196 S. E. 848, the court said:

"'That a contract is not made so long as in the contemplation of both parties thereto something remains to be done to establish contract relations is too well established to require the citation of authority. * * *

"'In negotiating a contract the parties may impose any condition precedent, a performance of which condi-

tion is essential before the parties become bound by the agreement. A promise, or the making of a contract, may be conditioned on the act or will of a third person.' See, also, Gund v. Roulier, 108 Neb. 589, 188 N. W. 185 (on rehearing, 108 Neb. 595, 190 N. W. 220); Hanneman v. Olson, 114 Neb. 88, 206 N. W. 155. In Garner v. Grogan, 136 Okla. 261, 277 Pac. 649, we find this statement: 'When an obligation to pay money is, by agreement, made to depend upon the action of another party, over whom neither party has control, payment cannot be exacted unless the specific act is performed.' See, also, Beams v. Young, 92 Okla. 294, 222 Pac. 952, and Gordon v. Pollock, 124 Okla. 64, 253 Pac. 1021."

It is elementary that mutuality of obligation is an essential element of the right to enforce specific performance of a contract in a court of equity. Mercer v. Payne & Sons Co., 115 Neb. 420, 213 N. W. 813; 49 Am. Jur., Specific Performance, § 16, p. 26; § 34, p. 46; § 35, p. 49. It has long been the rule in this jurisdiction that specific performance of a contract for the sale of real estate will not be decreed where the agreement is not binding on both parties and the mutuality of obligation is not such that it may be legally enforced by either. Hoctor-Johnston Company v. Billings, 65 Neb. 214, 91 N. W. 183.

As a matter of course, it is apparent that defendants could not have exacted payment from plaintiff or required him to specifically perform. There was no mutuality of obligation because until or unless the condition was performed, he was not bound by the contract. Under the circumstances presented here, plaintiff could not prevail upon the theory that the condition, being for his sole benefit, could be and was waived by him. He is bound by the rule that a party who comes into equity, seeking specific performance, must show not only that he has a valid legally enforceable contract, but also that he has substantially complied with its terms by performing or offering to perform on his part

the acts which formed the consideration of the undertaking on the part of defendant, or that he is ready, able, and willing to perform his obligations under the contract and do whatever has been made a condition precedent on his part or show a valid excuse for non-performance of the covenants incumbent upon him. 49 Am. Jur., Specific Performance, § 40, p. 53. As appropriately stated in the latter citation: "A proposed purchaser is not able to perform when he is depending upon third persons for the funds to make the purchase, which funds such persons are in no way bound to furnish." In the case at bar, such persons were not only in no way bound to furnish such funds, but they also refused to do so.

Bearing in mind the rules of law heretofore set forth, we have examined the record and conclude that the evidence fails to sustain the allegations of plaintiff's petition but rather amply sustains the truth of the allegations in defendant's amended answer. We will not recite the evidence in extenso, since it would serve no good purpose and would unduly prolong this opinion. Other matters which are not relevant in the light of our conclusions, and other propositions of law which are not decisive of the case, were also presented and argued in briefs of counsel, but it becomes unnecessary to discuss them.

For the reasons heretofore stated, the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.