ROLLINS v. RAYHILL.

No. 32747. April 6, 1948.

*191 P. 2d 934.*

J. B. Dudley, John B. Dudley, Jr., and Dudley, Duvall & Dudley, all of Oklahoma City, for plaintiff in error.

Roger L. Stephens and Ted Foster, both of Oklahoma City, for defendant in error.

GIBSON, J. The parties to this appeal occupy the same relative positions as in the trial court and, except where mentioned by name, will be referred to as plaintiff and defendant, respectively.

Plaintiff, Rollins, instituted this action against defendant, Rayhill, to recover a money judgment and to impress a trust upon certain overriding leasehold interests in various tracts of land. As grounds therefor it is alleged that it was orally agreed between them that Rayhill would furnish the money and Rollins would purchase oil and gas leases in Rayhill's name and thereafter sell same at a profit and, after reimbursing Rayhill for his outlay, the profits should be equally divided; that the leases were purchased in the name of Rayhill who thereafter, acting independently of Rollins, sold and transferred the same, realizing a cash consideration far in excess of his outlay and in addition thereto an overriding leasehold interest of large value, for which defendant had refused to account; that the contractual relation of the parties gave rise to a joint adventure by reason of which plaintiff was entitled to one-half of the cash consideration over the amount necessary to reimburse Rayhill for the outlay and one-half interest in the overriding royalty interest; and therefore he asks both money judgment and decree impressing the trust.

Defendant, Rayhill, for answer and cross-petition denies the allegations of the petition except to the extent expressly admitted, and avers that under the contract between them plaintiff agreed to purchase with money supplied by defendant a block of leases, the title thereto to be taken in the name of defendant, thereafter to effect a sale thereof, and that thereon defendant, after being reimbursed for his outlay, would share the profit realized therefrom equally with the plaintiff provided the price paid by the defendant for the leases did not exceed that at which the leases were sold by the lessors and plaintiff neither realized nor accepted any commission, fee or profit out of the purchase price paid by defendant; the defendant further alleged that the leases were purchased by plaintiff and paid for by defendant at prices prescribed by plaintiff, which defendant believed at the time to be the actual cost thereof. That months thereafter defendant discovered the fact to

be that a large part of the price he paid, the amount of which is unknown to defendant but exceeds the sum of $2,776, was never paid to the lessors for said leases and was retained by said plaintiff and his associates who conspired to and thus did obtain a secret profit at the expense of defendant. It is prayed that plaintiff take nothing, that defendant have judgment against plaintiff for the amount of secret profits obtained by plaintiff and associates and a judgment for exemplary damages. There are other matters alleged as showing an abandonment by plaintiff of the joint adventure if the court should hold that same arose, and matters of set-off in event the court should hold thereon that defendant be required to account to plaintiff, which matters we deem unnecessary to our review. Plaintiff's reply to answer and answer to cross-petition was a general denial.

Upon trial the court, upon request, made findings of fact and conclusions of law resulting in a determination of the issues in favor of defendant, and denied plaintiff relief, quieted the title of defendant to the royalty interest in controversy and awarded defendant on his counterclaim a personal judgment for damages against plaintiff in the sum of $3,726.55, that being the aggregate sum of the portions of the purchase price paid by defendant in excess of the cost of the leases, which excess was received by the plaintiff and his associates.

The errors assigned and presented here bear solely upon the sufficiency of the evidence to sustain the court's findings and the correctness of the conclusions of law. And the force of the argument thereon is made to depend on the assumption that there existed between the parties a joint adventure and that the law applicable thereto is controlling.

We will consider first the court's denial of relief to plaintiff, the right to which, if any, is dependent upon the relation of the parties being that of a joint adventure, and next the money judgment awarded defendant against the plaintiff which involves other considerations.

In the findings of fact the court, after reciting that Rayhill under the contract agreed to pay to Rollins one-half of the amount received by him after reimbursements for all amounts expended, says further:

"But in this connection, it is found that the agreement of the parties with respect to the sharing of profits by the defendant with the plaintiff was not absolute, but to the contrary, was conditional in nature, —the condition being that any profits made or received by the defendant were not to be shared with the plaintiff, and plaintiff was to have no interest therein, or in the leases to be acquired by the defendant, if the plaintiff did thereafter make any individual profit for himself in the transaction resulting in this acquisition of said leases by the defendant. And in this connection, the facts are that plaintiff expressly agreed that he would not try to make, or would make, any individual profit for himself in the transaction whereby defendant was to acquire said leases."

And the pertinent conclusion of law thereon is as follows:

"That the condition in the contract upon the existence of which plaintiff was to become entitled to a share in any profit accrued or accruing to the defendant by reason of the transactions mentioned in the foregoing findings of fact does not now exist and never has existed, and as a result thereof, and without regard to whether said contract was abandoned or is subject to cancellation, the plaintiff is not entitled to an accounting by the defendant of any such profits, and is not entitled to participate in the overriding royalty now owned by the defendant in the Caddo county leases."

The fact that defendant paid a price in excess of the amount received by the landowners for the leases and that such excess was received by plaintiff and others is not in question, but plain-

tiff testified and sought to prove that defendant was fully advised of such facts at the time, the reasons therefor, and consented thereto. Touching this contention of plaintiff, the court found that the method pursued by plaintiff was secretive and designed for the purpose of deceiving the defendant and that the defendant was without knowledge thereof until discovery made in October, 1943, which was subsequent to the completion of the purchases. The latter finding is supported by the evidence and, being here so considered, the question is the correctness of the quoted finding of fact and its effect, if it be correct.

The finding is challenged upon the ground there is no warrant for holding that plaintiff's right to share in the profits of the venture was conditional and, further, that even if it were conditional there was no justification for holding plaintiff debarred of all his right in the profits by reason thereof.

Evidence bearing specifically upon the contractual understanding with reference to the division of profits appears in the testimony of the defendant as follows:

"A. Well, I said, 'Lacy, well, that sounds good.' I said 'if you could, since you know these people personally, and you know that Mrs. Wooten personally and she wouldn't sell to anyone else but you, and if you buy these leases direct from the landowners cheap and not make any money by purchasing these leases, and if you can sell two or three 80's and get all my money back and enough money to—bottom hole money to drill the well, why I will go ahead and give you half of the net profit,' but I said, 'Lacy, I want this understood, that if I find out that you have a thin dime in making purchases of these leases, so far as the half interest in the net profit is concerned, it is null and void.' I said, 'it is all off.' He said 'absolutely,' he said, 'if I get a thin dime in that deal purchasing these leases,' he said 'I would forfeit my rights in the half interest.'"

If we accept this statement as expressive of the contractual understanding of the parties, it becomes manifest that it was mutually agreed that the right of plaintiff to share in the profits was made to depend upon the fact of plaintiff not participating in the price paid by defendant, and therefore conditional.

The force of this testimony is sought to be overcome by urging it is inherently improbable, inconsistent with statements of defendant to others who testified that in certain conversations Rayhill said he and Rollins were partners, and that by reason of defendant's interest his testimony should be considered as actuated by a desire to protect the gains he had realized through plaintiff's efforts rather than by a sense of truth. Such indirectness of impeachment can carry little appeal where, as here, the plaintiff, alleged participant in the conversation, and whose rights were specifically in question therein, did not see fit when testifying to either deny the fact of the conversation, the language used or the import thereof. Such silence unexplained is of itself corroborative of the truth of the testimony. And we think plaintiff's withholding from defendant knowledge of plaintiff's sharing in the purchase price highly significant. The finding of the court that by the terms of the contract plaintiff's right to share in the profits was conditional is correct.

The contention that plaintiff should not be debarred from relief by reason of such condition is predicated upon the theory that it involves a forfeiture of plaintiff's right to share in the profits, and that since defendant can be made whole through plaintiff accounting for the secret profits it is abhorrent to equity to exact such forfeiture. This argument can have application only on the theory that the right of plaintiff to share in the profits arose independently of the condition and that the effect of upholding the condition is to defeat such right. This is sought to be done by declaring that the relation-

ship of the parties was that of joint adventures to which a joint profit is an essential element. The argument loses sight of the fact the joint adventure must be predicated upon the contract of the parties (McKeel v. Mercer, 118 Okla. 66, 246 P. 619); that parties are at liberty to agree upon a condition precedent upon which their liability shall depend (12 Am. Jur. 849, §296); and that if it be true the condition in this case was a condition precedent to plaintiff's right to share in the profits, it not only precludes the idea of a fortfeiture but negatives the existence of a joint adventure by excluding the existence of a right to joint profits which is essential thereto. E. D. Bedwell Coal Co. v. State Industrial Commission, 157 Okla. 227, 11 P. 2d 527; Tulsa County Truck & Fruit Growers Ass'n v. McMurphey, 185 Okla. 132, 90 P. 2d 927. Under the contract, the right of plaintiff to share in the profits corresponds to the liability of defendant to account therefor, and is no less conditional than the liability. That the liability, by the terms of the contract, is made to depend upon a prescribed event is clear. In Northwestern Nat. Life Ins. Co. v. Ward, 56 Okla. 188, 155 P. 524, 526, we said:

"A condition precedent of a contract is one which calls for the performance of some act or the happening of some event after the contract is entered into and upon the performance or happening of which its obligations are made to depend. R. C. L. title, Contracts, sec. 290, p. 904."

In City of New Orleans v. Texas & Pacific Railway Co., 171 U. S. 312, 43 L. Ed. 178, 186, it was said:

"Where the undertaking on one side is in terms a condition to the stipulation on the other, that is, where the contract provides for the performance of some act, or the happening of some event, and the obligations of the contract are made to depend on such performance or happening, the conditions are conditions precedent."

See, also, text and citations 12 Am. Jur. 849, §296.

Any right of plaintiff to share in the profits was dependent for its existence on the occurrence of the event and therefore could not be forfeited by reason of the nonoccurrence.

A joint adventure involves not only joint profits sought through the enterprise but a community of interest in and power over the property involved, wherein each member acts for himself as a principal and as agent for the other member or members. There was no joint adventure between the plaintiff and defendant.

The ground of the attack on the personal judgment awarded defendant is that same is against the clear weight of the evidence and contrary to law. The objection is well taken. The amount of the judgment corresponds to the excess of the price paid by plaintiff over the actual cost of the leases, which excess was received by plaintiff and his associates. The basis of the liability as reflected in the court's findings is that plaintiff acting in bad faith and in breach of his contract secretly connived with others to defraud the defendant of the amount of the excess so paid. The court concluded that defendant suffered damage to the extent of the excess so paid and hence the judgment. Whatever the design, the effect of plaintiff's conduct was only to require defendant to pay as the price an amount in excess of that contemplated. The theory of the trial court overlooks the fact that under the contract such overreaching is provided for and by the terms thereof results in no obligation of defendant to share with plaintiff profits which he would have had to share if plaintiff had met the conditions of the contract. It is evident that the value of the profits the defendant is enabled to retain under the terms of the contract by reason of such breach far exceeds the excess in the price paid.

The effect of the judgment in the situation that obtains here would be to require the plaintiff to make good on his promise not to share in the purchase price while recognizing the right of defendant to withhold the consideration that supported the promise. Such is contrary to law. W. M. Portner v. J. W. Tanner (Wyo.) 216 P. 1069; 30 A. L. R. 624, with anno. p. 631; 12 Am. Jur. 1038, §455.

The judgment and decree of the trial court is in all respects affirmed except the money judgment awarded defendant on his counterclaim, which judgment is reversed and cause remanded with direction to dismiss defendant's counterclaim for a money judgment.

HURST, C.J., DAVISON, V.C.J., and BAYLESS, WELCH, CORN, ARNOLD, and LUTTRELL, JJ., concur. RILEY, J., dissents.