**H. M. McDANIEL, d/b/a H. M. McDaniel & Company, Plaintiff in Error,**

v.

**Jack M. McCAULEY, Defendant in Error.**

**No. 39515.**

Supreme Court of Oklahoma.

March 20, 1962.

Rehearing Denied May 15, 1962.

Rogers & Litchfield, Tulsa, for plaintiff in error.

Jack B. Sellers and Charles S. Woodson, Drumright, for defendant in error.

JOHNSON, Justice.

This action was commenced by the defendant in error, hereafter referred to as plaintiff, to recover from plaintiff in error, hereafter referred to as defendant, the sum of $2,200.00 retained by defendant as a real estate commission. From a judgment for said amount, the defendant appeals.

The plaintiff was interested in the purchase of a doughnut shop in the City of Tulsa belonging to one Eggers. The building in which such shop was located was owned by one Yadon. The seller and buyer agreed upon a purchase price of $22,-000.00, plus inventory. Before the contract was completed, the plaintiff insisted that there be inserted in the contract the following sentence: "Also buyer is to get assurance of lease, two years lease from date, on building." This insertion was written in by the defendant in his own handwriting, whereupon the contract was signed by the proposed purchaser. Thereupon the plaintiff issued a check to defendant for $2,200.-00. Thereafter the lease for two years could not be secured from Yadon, who refused any extension. Thereupon plaintiff demanded his money from the defendant, and payment was refused. This suit fol-

lowed. From a judgment in favor of plaintiff, this appeal is taken.

From the evidence it appears that the seller agreed to a rescission of the contract since the condition inserted in the contract could not be met. The broker, defendant herein, refused to surrender the deposit made.

It is the contention of defendant that the demurrer to plaintiff's evidence and motion for directed verdict should have been sustained. With this contention we cannot agree.

█ The evidence discloses that the acceptance of the offer made by Eggers for the sale of the shop was a conditional one. Therefore the performance of the condition, the extension of the lease, was a condition precedent to the existence of a binding contract. As was said in the first paragraph of the syllabus by the court in Rollins v. Rayhill, 200 Okl. 192, 191 P.2d 934:

> "A condition precedent of a contract is one which calls for the performance of some act or the happening of some event after the contract is entered into and upon the performance or happening of which its obligations are made to depend."

> "When an obligation to pay money is dependent on the action of a third person over whom neither party has any control, payment cannot be exacted unless the specified act is performed." Gordon v. Pollock, 124 Okl. 64, 253 P. 1021.

It therefore follows that there was no binding contract in this case, since the condition was never met. The broker was not entitled to a commission. Therefore the court's refusal to sustain defendant's demurrer and motion for directed verdict was not error.

█ Under the circumstances of this case there could be no liability on the part of the purchaser. As said in 12 C.J.S. Brokers § 82, at page 179:

> "More specifically, where a broker is employed by the owner of property to sell the same, the purchaser is not liable for the broker's commissions, unless he has agreed to pay them or is liable therefor by way of damages for failing or refusing to carry out his contract, or for some other wrongful act or omission which interferes with the broker's right to recover commissions from his principal. * * *"

The great weight of authority sustains this position. In this case there was no conduct on the part of the purchaser which placed him within any of the exceptions mentioned. Therefore there was no liability for commissions on his part.

The last question with which we are confronted is one of pleading. The action appears based upon fraud; however, it is immaterial whether it be on fraud or money had and received. The statute, Title 12 O.S.1961, § 264, defines what the petition must contain. The petition contained sufficient facts to meet the requirements of this section. As was said in Owens v. Purdy, 90 Okl. 256, 217 P. 425:

> " 'The petition must contain:
>
> " 'First. The name of the court, and the county in which the action is brought, and the names of the parties, plaintiff and defendant, followed by the word, "petition."
>
> " 'Second. A statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition.
>
> " 'Third. A demand of the relief to which the party supposes himself entitled. * * *'
>
> "It has been repeatedly held that the prayer, of itself, does not determine the relief to which a party may be entitled, nor the measure of relief to be applied. Myler v. Fidelity Mut. Life Ins. Co., 64 Okl. 293, 167 Pac. 601; Fraley, Admr., v. Wilkinson, 79 Okl. 21, 191 Pac. 156. It is the facts alleged and not the prayer which shows the relief to which the plaintiff is entitled.

"It is the plain, persistent, unyielding intent of the Legislature to make the foregoing Code provisions mandatory. When a plaintiff has complied with such provisions, and stated facts which show that he has sustained a detriment without fault on his part, and shows that such detriment has been caused by the wrongful conduct of another, states facts which show with reasonable clearness that in law or equity the party guilty of such wrongful conduct is liable to plaintiff for the results thereof, it then becomes the duty of the court, under the purpose for which they are created, to determine from the allegations and proof what relief the plaintiff may be entitled to, and, in order to enable them to fulfill such purpose, the district courts are endowed with the dual power of a chancellor and a court at law, so that, under the facts stated and proven, if the law be adequate, then the court will award such relief as the law authorizes, but, if the law be inadequate to proper relief, then the court in its powers as a chancellor will award such relief as in equity and good conscience the allegations and proof show the plaintiff entitled to receive. St. L. & S. F. Ry. Co. v. Yount, 30 Okl. 371, 120 Pac. 627; West v. Madansky, 80 Okl. 161, 194 Pac. 439; Smith v. Gardner, 37 Okl. 183, 131 Pac. 538."

Again in Duncan v. Golden, Okl., 316 P.2d 1116, this court said in the body of the opinion:

"It is a settled rule of appellate review in this jurisdiction that a judgment, if correct, must stand, regardless of the correctness of the reasons, theory or conclusions upon which it was based. See State ex rel. Com'rs of Land Office v. Landless, Okl., 293 P.2d 574; Davis v. Little, Okl., 289 P.2d 666; Littlefield v. Howery, Okl., 266 P.2d 957; Chaney v. Reddin, 201 Okl. 264, 205 P.2d 310, 8 A.L.R.2d 337;

Williams v. City of Durant, 201 Okl. 113, 202 P.2d 418; City of Tulsa v. Thomas, 89 Okl. 188, 214 P. 1070, and other cases referred to in Vol. 2A, West's Okla.Dig., under Appeal and Error, ☞854(2), and others digested under 12 O.S.A. § 78, Notes 101, 102; 5 C.J.S. Appeal and Error § 1849, Note 68. * * *"

There being no liability upon part of plaintiff for the real estate commission, he was entitled to recover the amount deposited.

The judgment of the trial court is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JACKSON, IRWIN and BERRY, JJ., concur.