Thomas **WINSLOW**, Appellant,

v.

**M. C. WATTS**, Appellee.

No. 41674.

Supreme Court of Oklahoma.

Nov. 5, 1968.

Robert J. Wittenbrink, Thornton, Colo., for plaintiff in error.

James M. May, McAlester, for defendant in error.

BLACKBIRD, Justice.

This appeal involves an action, commenced in 1963, to establish prescriptive title to 210 acres of Pittsburg County land in defendant in error, hereinafter referred to as "plaintiff", and to quiet such title against the plaintiff in error, hereinafter referred to as "defendant", and others, and to determine the heirs of one Elizabeth Scott, the land's deceased Indian allottee.

In his answer, the defendant denied that plaintiff had been in adverse possession of the land, and alleged, among other things, that plaintiff's possession "was merely a tenancy at will predicated" upon his payment of said property's taxes for defendant's grandfather, Milton Winslow, deceased, and his wife, through whom defendant, in a cross petition, deraigned his alleged title to said land. In his cross petition, said defendant and cross petitioner prayed the court, among other things, to determine the heirship of the Winslows, and to quiet his title to the ⅚ths interest he claimed in said property.

At the trial, held in 1964, the undisputed evidence showed that at a time more than 15 years previously, the record title to the land was in Milton Winslow, and that defendant obtained quit claim deeds from Winslow heirs subsequent to October, 1963. After hearing the testimony of various witnesses, the trial court, in a memorandum opinion filed after the close of the trial, found that Milton Winslow had abandoned the land and ceased paying taxes on it during "the depression (of the 1930's) * * *" and that thereafter, in 1937, plaintiff "decided to claim this land as his own, * * *". The court further found that accordingly, plaintiff fenced the land, pastured his cattle on it, constructed an eight hundred-dollar pond on it, paid back taxes on it in 1941, and continued in its "open, adverse and undisputed possession * * *". The court further found that "the neighbors" regarded the land as belonging to plaintiff. In his conclusions of law, the trial court concluded, among other things, that plaintiff's adverse possession "complies with Title 60 O.S. 1961, sec. 333". After the court had entered judgment quieting title, in accord with the aforementioned findings of fact and conclusions of law, and a motion for new trial, filed by defendant and another party, had been overruled, defendant lodged the present appeal on original record.

As we understand defendant's argument for reversal, he first takes the position that plaintiff did not discharge, by clear and positive proof, the burden of proving that his possession of the subject land was open, notorious, adverse, and under a claim of ownership, which he says is necessary to overcome the presumption that his possession was "in subordination to the true owners", the Winslows, citing Norman v. Smedley, Okl., 363 P.2d 839, and other cases. He specifically challenges the sufficiency of the evidence to show that plaintiff's possession was under any claim of exclusive right to it; and, concerning plaintiff's fencing of the land, he asserts that plaintiff's testimony shows that this was not done pursuant to any claim to ownership

of the land thus enclosed, but merely to restrain his cattle, or facilitate his use of the land for grazing purposes. Defendant further argues that plaintiff's claimed fencing, and possession of the land was not sufficient to indicate any ouster of the Winslows, or to give notice to anyone of any claim of ownership on the part of plaintiff, because he did not treat the land any differently, after he says he began maintaining its fences, than he had before that time. Of the cases cited in support of his argument, defendant quotes Cook v. Craft, 207 Okl. 125, 248 P.2d 236, as follows:

> "Mere naked possession or occupancy of premises, no matter how long, without a claim of right or color of title, cannot ripen into a good title, but must always be regarded as being an occupancy for the use and benefit of the true owner. To constitute the basis for adverse possession, the entry upon the property must be accompanied by a claim of right, or after entry, there must be a distinct denial or repudiation of the right of the true owner, or the possession will be deemed to be held in subordination to the rights of the owner."

■ We have thoroughly examined the evidence and think it amply supports the trial court's essential findings. While none of plaintiff's witnesses ever testified that plaintiff had told them he had purchased the subject land (which was frequently referred to as the "Winslow Place") plaintiff's neighbor, Claude Stevens, who had lived on one side of his ranch since 1936, testified that plaintiff first told him in 1937 that he "had" the property. Plaintiff established by the testimony of several witnesses, all of whom were in a position to know, that he had performed various acts, with reference to the subject land, which were of a character that are ordinarily performed by the owner of such property and indicate, in an open, public, and visible manner, that he is occupying it under a claim of right to its exclusive control and possession. (In this connection

see Christ Church Pentecostal v. Richterberg, U.S.C.A. 10th Cir., 334 F.2d 869, 874, and the Oklahoma cases there cited; 3 Am.Jur.2d, "Adverse Possession", secs. 19–24, both incl.,) ; and the evidence clearly refutes defendant's contention that plaintiff treated the property no differently after 1937, than before.

■ Defendant did not claim to have resided on 'the land since, as a small boy, he moved with his father, Josiah, Judson, or "Jud" Winslow (one of Milton Winslow's sons) from there to Stuart, Oklahoma, in 1934. The findings and conclusions arrived at by the trial judge clearly indicate that he not only regarded plaintiff's evidence as sufficient to establish a prima facie case of adverse possession of the property for the 15-year period necessary for prescriptive title, but that he also regarded the evidence introduced by defendant as insufficient to refute plaintiff's evidence. After carefully examining the record and the transcript of the testimony, especially the part cited by defendant to support his contentions, we are of the opinion that the judgment is not contrary to, nor clearly against the weight of, the evidence.

■ In defendant's last argument for reversal he challenges the constitutionality of Tit. 60, § 333, supra, as assertedly authorizing acquisition of title to property merely by occupying it, without requiring that its possession be open, visible, and notorious so as to give its former owner notice of an adverse claim on the part of the occupant. As we have herein upheld the trial court's determination to the effect that plaintiff's occupancy of the subject property met all of the requirements of true adverse possession, we regard the question of whether or not Sec. 333, supra, is constitutional, as purely an abstract or hypothetical one in this case. See Thrasher v. Board of Governors, Okl., 359 P.2d 717, 725, and the authorities there cited. That part of the trial court's judgment in which said section was cited was not essential to its correctness or validity. In this connection, notice Choctaw Gas Co. v. Corp.

601

Comm., Okl., 295 P.2d 800, 806, and Brown v. Prince, C.C.A. 10th Cir., 161 F.2d 537, 540. And we consider any error that the court may have made in that portion of the judgment as harmless, under the circumstances. See McDaniel v. McCauley, Okl., 371 P.2d 486, 487. For these reasons, we reserve judgment upon said question.

As none of defendant's arguments has demonstrated any cause for its reversal, the judgment of the trial court is hereby affirmed.

All the Justices concur.