Lakrisha RETHERFORD, Appellee,

v.

HALLIBURTON COMPANY, a foreign corporation and Wilbern Henry Hawes, Appellants.

No. 48406.

Supreme Court of Oklahoma.

Oct. 4, 1977.

Rehearing Denied Jan. 11, 1978.

Jack B. Sellers, Sapulpa, for appellee; Joe A. Moore, Memphis, Tenn., of counsel.

Robert W. Blackstock, of Blackstock, McMillan & Vassar, Bristow, for appellants.

George B. Fraser, Norman, amicus curiae.

IRWIN, Justice.

Halliburton Company and Wilbern Henry Hawes (appellants) Petition for Review of a Certified Interlocutory Order wherein the trial court overruled appellants' motions for summary judgment. The facts are not in dispute.

Lakrisha Retherford (appellee) sustained personal injuries and property damage to her automobile as a result of a motor vehicle accident involving her car and a truck owned by appellant Halliburton and operated by appellant Hawes. Appellee commenced proceedings to recover for her personal injuries and property damage and recovered judgment for $118,237.50, plus interest. This judgment was paid in full and released.

Subsequently, appellee filed two new law suits which are the subject of this appeal. In each new suit, appellee sought to recover her damages for the medical bills and loss of services of each of her two minor children, one of the children was a passenger in the appellee's car and the other child was subsequently born with prenatal injuries allegedly caused by the accident. Appellants filed motions for summary judgment. Appellants urged appellee, as plaintiff below, had split her cause of action and that her prior suit was a bar to the instant proceedings. The trial court overruled the motions by order and certified its order an an appealable interlocutory order.

Where a single act or wrong causes personal injury and property damage to an individual, a substantial majority of jurisdictions hold that such act or wrong gives rise to only one cause of action and not to separate causes based, on the one hand, on the personal injury, and on the other, the property loss. 62 A.L.R.2d 977 "Injury-Person and Property-Splitting" 982. Oklahoma follows the majority rule. In *Greater Oklahoma City Amusement, Inc. v. Moyer*, Okl., 477 P.2d 73 (1970) we said the general rule against splitting causes of action is that a single wrong gives rise to one cause of action and for which only one suit may be maintained to recover all damage because of the commission of such wrong, however numerous the elements or items of damage resulting therefrom. In *Lowder v. Oklahoma Farm Bureau Mutual Insurance Company*, Okl., 436 P.2d 654 (1967) we held:

"The negligent driving of a vehicle so as to cause damage to the person and property of another in a single collision is

a single tort or wrong and is indivisible and gives rise to but one liability."

Appellants contend that only one "cause of action" arose by reason of the negligent operation of its vehicle, and all the damage done *to appellee* by reason of the wrong, i. e. her personal injury, property damage, medical expenses for children, etc., must be recovered in the same action or is not recoverable at all. Appellants characterize appellee's two new suits as merely a subsequent attempt to recover items or elements of her damage not sought in her prior action. Appellants note that it is *appellee's* monetary loss by reason of the medical expenses incurred in treatment of her children's injuries and appellee's inability to receive the services of her children by reason of their injuries for which she now seeks to recover. Appellants do not contend that appellee's children may not maintain their own actions for the damage done them by reason of appellant's wrongful conduct.

Appellee, on the other hand, contends the two new actions are premised on independent and separately identifiable causes of action. Thus, there is no splitting of a cause of action, rather the enforcement of an entirely different right violated by appellants' wrongful conduct.

■ There appears to be little doubt that the proper individual parent may recover medical expenses and for loss of services incurred by reason of an injury to a minor child. 10 O.S.1971, § 5, since amended, states;

"The father of a legitimate unmarried minor child is entitled to its custody, services and earning; but he cannot transfer such custody or services to any other person, except the mother, without her written consent, unless she has deserted him, or is living separate from him by agreement. If the father be dead, or be unable, or refuse to take the custody, or has abandoned his family, the mother is entitled thereto. * * * "

Appellee alleges that she was solely responsible for necessities, including medical expenses, for the minor children and was the sole person entitled to their services, earnings, contributions and time of the minors during their minority.

■ The pivotal issue before the Court becomes, quite simply, what is a "cause of action"? A cause of action is a legal concept which has no separate existence in the natural order of things. It is what the makers of legal policy, the Legislature and the courts, say it is. It exists to satisfy the needs of plaintiffs for a means of redress, of defendants for a conceptual context within which to defend an accusation, and of the courts for a framework within which to administer justice.

Courts, including this one, have at different times, with or without applying labels, used different definitions for a "cause of action". It has been defined by reference to the right or interest infringed upon. See *Stone v. Case*, 34 Okl. 5, 124 P. 960 (1912). This is the oldest definition of a cause of action and developed at the common law as a result of the process of recognizing new rights and creating new causes of action to protect those rights. California, both by statute and case law, still adheres to the concept that separate causes of action result from the infringement of different rights, i. e., causes of action for injuries to person and property are separate. See *Holmes v. David H. Bricker*, 70 Cal.2d 786, 76 Cal.Rptr. 431, 452 P.2d 647 (1969).

In more recent times, causes of action have been delineated by reference to the transaction, occurrence or wrongful act from which the litigation arises. Thus evolved the general rule as stated in *Greater Oklahoma City Amusements, Inc. v. Moyer*, supra, and rephrased in *Lowder v. Oklahoma Farm Bureau Mutual Insurance Company*, supra, that, "a single wrong gives rise to one cause of action for which only one suit may be maintained to recover all damages which had then accrued because of the commission of such wrong, however numerous the elements or items of damage resulting therefrom." A less accepted position taken by some legal scholars is that a cause of action should be defined

exclusively by reference to convenience in the efficient administration of justice. Clark, *Hornbook on Code Pleading*, 137 (2d Ed. 1947).

In jurisdictions adhering to a definition of a cause of action based on the transaction, occurrence or wrongful act, it makes no difference whether a litigant seeks vindication of a "primary" or "derivative" right. Consequently, in Georgia, a jurisdiction holding to a rule of law substantially the same as Oklahoma, a husband who has brought an action to recover for his injuries cannot in a subsequent and separate suit recover for the loss of consortium due to injuries to his wife based on the same wrongful conduct. *Pekrol v. Collins*, Ga., 122 Ga.App. 642, 178 S.E.2d 294 (1974). Closer to point on the case at bar, the Georgia Court applied the same rule in *Krasner v. O'Dell*, 89 Ga.App. 718, 80 S.E.2d 852 (1954) where the father had first sought recovery for his personal injuries and subsequently sought to recover medical expenses and loss of services for his minor daughter injured in the same accident.

■ As demonstrated by prior decisions of this Court in *Greater Oklahoma City Amusements, Inc.*, supra, and *Lowder*, supra, this jurisdiction is committed to the wrongful act or transactional definition of a "cause of action". Thus, no matter how many "rights" of a potential plaintiff are violated in the course of a single wrong or occurrence, damages flowing therefrom must be sought in one suit or stand barred by the prior adjudication. We feel this approach to the concept of a cause of action best accomplishes the goals the idea was originally conceptualized to serve without sacrificing the rights of any party or the public, in the efficient administration of justice, to the interests of either plaintiffs or defendants as a class of litigants.

Funds expended on the medical treatment of appellee's children and the loss she sustained for their services are only elements of damages appellee sustained by reason of appellants' wrongful act. Most certainly, had appellee not been personally involved in the transaction or occurrence,

she could have maintained her own separate "cause of action" for recovery of the elements of damage she now seeks. In such a case, the only rights attaining to appellee which would have been infringed as a result of appellants' wrongful act would have been her loss due to the involvement of her children. The fact that appellee might, under different circumstances, maintain a "cause of action" for vindication of these rights alone, does not mean that she may, where other rights personal to her are involved, maintain separate suits.

■ Appellee complains that the legal effect of the foregoing is to rewrite, by judicial fiat, Oklahoma's statutes on joinder of causes of action. 12 O.S.1971, secs. 265 & 323. Section 265 provides, in pertinent part:

"The plaintiff or plaintiffs may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both. But the causes of action so united must all arise out of the same transaction or occurrence or must affect all the parties to the action * * * The court may order separate trials to prevent delay or prejudice."

And § 323 provides:

"All claims which arise out of the transaction or occurrence that is the foundation of the plaintiff's claim and which contain common questions of fact, may be joined in one action, and any person who is liable on such a claim may be joined as a party to the action. The court may order a separate trial of any claim or of any issue in the furtherance of a just and prompt determination of the controversy and to avoid delay or prejudice. Nothing herein permits the joinder of liability insurers or creates any right of contribution or indemnity which has not heretofore existed."

While §§ 265 and 323 are somewhat cumulative, both speaking to joinder of causes of action, § 323 is primarily addressed to joinder of parties while § 265 concerns itself primarily with joinder of

causes of action. In any case, as appellee points out, both statutes are permissive in character rather than compulsory. Plaintiff or plaintiffs "*may* unite several causes of action" § 265, supra, and, "claims * * *may* be joined in one action, and any person who is liable on such a claim *may* be joined as a party * * *," § 323, supra.

These sections in no way authorize an individual to maintain two separate actions for separate elements or items of damage which arise from a single accident or occurrence, or establish separate causes of action for separate elements or items of damage which arise from a single accident or occurrence.

Judgment of the trial court reversed and remanded with instructions to sustain appellants' motions for summary judgment.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.

DAVISON, J., dissents.

### ORDER

HODGES, Chief Justice.

IT IS HEREBY ORDERED that the opinion of the Court heretofore promulgated and filed in this cause on December 2, 1975, (and appearing unofficially reported at 46 O.B.J. 2402) be and the same is hereby vacated, withdrawn, and superseded by the substitute opinion of the Court promulgated this date.