WILLIS v. RMLS HOP OKC



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:WILLIS v. RMLS HOP OKC

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 WILLIS v. RMLS HOP OKC
2018 OK CIV APP 13
Case Number: 116372
Decided: 01/31/2018
Mandate Issued: 03/01/2018
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2018 OK CIV APP 13, __ P.3d __

 

ANDRE WILLIS, Plaintiff/Appellant,
v.
RMLS HOP OKC, LLC, an Arizona limited liability company, Defendant/Appellee.



APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE BRYAN C. DIXON, TRIAL JUDGE



REVERSED AND REMANDED FOR FURTHER PROCEEDINGS



Tom M. Cummings, T.M. CUMMINGS, INC., Oklahoma City, Oklahoma, for Plaintiff/Appellant

Amy Sherry Fischer, Carri A. Remillard, FOLIART, HUFF, OTTAWAY & BOTTOM, Oklahoma City, Oklahoma, for Defendant/Appellee




KEITH RAPP, JUDGE:


¶1 The plaintiff, Andre Willis (Willis), appeals an Order dismissing his action with prejudice filed against the defendant, RMLS Hop OKC, LLC (RMLS). This appeal proceeds under the provisions of Okla.Sup.Ct.R. 1.36, 12 O.S. Supp. 2017, Ch. 15, app. 1.

BACKGROUND

¶2 The pertinent facts are not disputed. Willis claimed that he sustained a work-related injury on August 14, 2013, while employed by RMLS and he filed a workers' compensation action. RMLS discharged him on May 14, 2014.

¶3 On July 11, 2014, Willis sued RMLS in District Court for retaliatory discharge. By that time the new law, Administrative Workers' Compensation Act (AWCA), became effective as Title 85A. Title 85A changed the retaliatory discharge remedy scheme from an action in District Court to an administrative action. 85A O.S. Supp. 2017, § 7. However, it appears that Willis alleged that he could proceed under the prior law because the date of his injury preceded the enactment of the AWCA.

¶4 The District Court dismissed the action filed by Willis with prejudice. The court ruled that exclusive jurisdiction rested with the Workers' Compensation Commission under Title 85A. This ruling was equivalent to a ruling that the court did not have subject-matter jurisdiction.

¶5 Willis did not appeal. Instead, he filed his action with the Commission. On September 2, 2015, the Commission's administrative law judge entered an Order determining that jurisdiction rested with the District Court because the date of injury controlled and that date preceded the enactment of the AWCA.

¶6 On May 2, 2017, Willis filed the action here under review as a retaliatory discharge action under Title 85. He maintained that this was a different action and that he had originally proceeded under Title 85A and he now proceeded under Title 85.

¶7 On August 23, 2017, the trial court entered its ruling dismissing Willis' second law suit and applying claim preclusion to his action.

¶8 On September 12, 2017, the Oklahoma Supreme Court decided Young v. Station 27, Inc., 2017 OK 68, 404 P.3d 829. The Young Court ruled that the date of injury controlled over whether the AWCA or prior law applied to retaliatory discharge actions. The appellate Record does not indicate that Willis filed any post-judgment motions to bring the Young decision to the attention of the trial court.

¶9 RMLS moved to dismiss the second action.[1] RMLS maintained that the new action was barred under both issue preclusion and claim preclusion doctrines. RMLS argued that the jurisdictional issue was decided, not appealed, and became final in that case between the parties. RMLS also argued that the claims in each case were the same, that is, retaliatory discharge, so that claim preclusion barred the current action.

¶10 The trial court dismissed the action. The trial court ruled that both actions concerned the same claim, that is, retaliatory discharge. Therefore, the trial court ruled that the current action was barred by claim preclusion.

¶11 Willis appeals.

STANDARD OF REVIEW

¶12 The petition sets out facts and background such that the review may be of the dismissal on the claim preclusion ground without treating the proceedings as a summary judgment.

In reviewing a nisi prius disposition by dismissal, this court examines the issues de novo. Motions to dismiss are generally viewed with disfavor. The purpose of a motion to dismiss is to test the law that governs the claim in litigation, not the underlying facts. A motion to dismiss for failure to state a claim upon which relief may be granted will not be sustained unless it should appear without doubt that the plaintiff can prove no set of facts in support of the claim for relief. When considering a defendant's quest for dismissal, the court must take as true all of the challenged pleading's allegations together with all reasonable inferences that may be drawn from them. A plaintiff is required neither to identify a specific theory of recovery nor to set out the correct remedy or relief to which he may be entitled. If relief is possible under any set of facts which can be established and is consistent with the allegations, a motion to dismiss should be denied. A petition can generally be dismissed only for lack of any cognizable legal theory to support the claim or for insufficient facts under a cognizable legal theory. This recapitulation of the standards that govern when a case is decided on a motion to dismiss guides our review in this case.

Darrow v. Integris Health, Inc., 2008 OK 1, ¶ 7, 176 P.3d 1204, 1208-09 (citations omitted).

¶13 Questions of law are reviewed de novo, and appellate courts exercise plenary, independent, and non-deferential authority. Welch v. Crow, 2009 OK 20, ¶ 10, 206 P.3d 599, 603.

ANALYSIS AND REVIEW

¶14 There are three questions here. The first asks whether Willis has one claim, or two as he argued. If there are two distinct actions, then claim preclusion is not available. Miller v. Miller, 1998 OK 24, ¶ 24, 956 P.2d 887, 897. The second asks whether, assuming there is but a single claim, that claim has been precluded by the original decision which, as it turned out, was erroneous because of Young v. Station 27, Inc. The third question asks, What is the legal consequence of the fact that Young was decided after the trial court entered its Order now on appeal?

¶15 For the following reasons, this Court holds that: (1) Willis has a single claim; and (2) The doctrine of claim preclusion does not bar this claim based upon the final, not appealed, first District Court decision. This second holding leads to the necessity to examine whether the doctrine of issue preclusion operates to bar Willis' claim.[2] See National Diversified Business Services, Inc. v. Corporate Financial Opportunities, Inc., 1997 OK 36, ¶ 10, 946 P.2d 662, 666. After this examination, this Court concludes that Willis' action is not precluded by the doctrine of issue preclusion.

A. Willis Has a Single Claim

¶16 The Oklahoma Supreme Court instructed in Miller, 1998 OK 24 ¶ 23, 956 P.2d at 896-97, that the "wrongful act" or "transaction" defines the cause of action.

Under the principle of claim preclusion, a final judgment on the merits of an action precludes the parties from relitigating not only the adjudicated claim, but also any theories or issues that were actually decided, or could have been decided, in that action. The doctrine of claim preclusion is designed to prevent piecemeal litigation through the splitting of a single claim into separate lawsuits. When claim preclusion is asserted, the court must analyze the claim involved in the prior action to ascertain whether it is in fact the same as that asserted in the subsequent action. Defining the term "claim" is the most difficult aspect of applying claim preclusion.

¶17 In Retherford v. Halliburton, 1977 OK 178, ¶ 9, 572 P.2d 966, 968, the Court defined a cause of action as:

The pivotal issue before the Court becomes, quite simply, what is a "cause of action"? A cause of action is a legal concept which has no separate existence in the natural order of things. It is what the makers of legal policy, the Legislature and the courts say it is. It exists to satisfy the needs of plaintiffs for a means of redress, of defendants for a conceptual context within which to defend an accusation, and of the courts for a framework within which to administer justice.

The Retherford Court continued:

Courts, including this one, have at different times, with or without applying labels, used different definitions for a "cause of action." It has been defined by reference to the right or interest infringed upon.

In more recent times, causes of action have been delineated by reference to the transaction, occurrence or wrongful act from which the litigation arises.

As demonstrated by prior decisions of this Court . . . this jurisdiction is committed to the wrongful act or transactional definition of a "cause of action." Thus, no matter how many "rights" of a potential plaintiff are violated in the course of a single wrong or occurrence, damages flowing therefrom must be sought in one suit or stand barred by the prior adjudication. We feel this approach to the concept of a cause of action best accomplishes the goals the idea was originally conceptualized to serve without sacrificing the rights of any party or the public, in the efficient administration of justice, to the interests of either plaintiffs or defendants as a class of litigants.

Retherford, 1977 OK 178 ¶¶ 9-13, 572 P.2d at 968-69 (citations omitted).

¶18 Willis has a single claim and that is for retaliatory discharge. The "transaction" or "occurrence" was his discharge from employment and his allegation that the discharge was in retaliation for filing a workers' compensation claim. The single interest involved was his right to pursue a workers' compensation claim without retaliation. Title 85A does not create a new or distinct "transaction" or "occurrence" from the former Title 85, so as to give rise to discrete causes of action.[3]

¶19 The question then becomes whether Willis' claim of retaliatory discharge is precluded by the dismissal of his original District Court action on jurisdictional grounds.

 

B. Claim Preclusion/Issue Preclusion

¶20 The doctrine of claim preclusion provides that "a final judgment on the merits of an action precludes the parties from relitigating not only the adjudicated claim, but also any theories or issues that were actually decided, or could have been decided, in that action." Miller, 1998 OK 24 ¶ 23, 956 P.2d at 896. The preclusive doctrines promote finality and certainty of judgments. The doctrines prevent piecemeal litigation and promote judicial economy. Danner v. Dillard Dep't Stores, Inc., 1997 OK 144, 949 P.2d 680.

¶21 Here, the critical element of a "final judgment on the merits" is absent. Thus, the dismissal of Willis' lawsuit on the ground of claim preclusion is error. See 47 Am. Jur. 2d Judgments § 474. However, a correct judgment will be affirmed even though premised upon erroneous reasoning. McDaniel v. McCauley, 1962 OK 72, 371 P.2d 486. Thus, this Court will examine whether the dismissal of Willis' lawsuit can be sustained based upon the application of the doctrine of issue preclusion.

¶22 Issue preclusion is a different doctrine from claim preclusion, albeit fostered by similar policy.[4]

 
Under the doctrine of issue preclusion (formerly known as collateral estoppel), once a court has decided an issue of fact or of law necessary to its judgment, the same parties or their privies may not relitigate that issue in a suit brought upon a different claim. Although the principle of issue preclusion operates to bar from relitigation both correct and erroneous resolutions of jurisdictional and nonjurisdictional challenges, the doctrine may not be invoked if the party against whom the earlier decision is interposed did not have a "full and fair opportunity" to litigate the critical issue in the previous case. The law affords no more than a single opportunity to litigate a disputed question of a tribunal's jurisdiction.

National Diversified Business Services, Inc., 1997 OK 36 ¶ 11, 946 P.2d at 666-67.

¶23 The facts in National Diversified Business Services, Inc., are that National, an Oklahoma Company, and CFO, a Texas company, had a contract with a forum selection clause calling for lawsuits to be filed in Texas. In its original action, National sued CFO in Oklahoma based upon the breach of their contract. The trial court dismissed the action without prejudice to a suit in Texas based upon the contract's forum selection clause. National did not appeal that decision and it became final.

¶24 National then brought a second action in Oklahoma. This new action was based upon a different theory, but the underlying facts did not change. CFO pled claim preclusion based upon the prior judgment and the trial court agreed and dismissed the case.

¶25 On appeal, the Supreme Court rejected National's argument that the change of theory changed the claim. However, the Court also concluded that claim preclusion did not apply because the first decision based on the forum selection clause was not a decision on the merits of the claim. The Court then proceeded to examine whether issue preclusion had application. The Court concluded:

The first (September 11, 1991) dismissal, based on an adjudication upon the tendered forum-selection clause, determined a single issue dehors the merits. It decided no issues upon the claim or defenses pressed in National I. The sole remedy for correcting that determination was by appeal. Absent such appeal, the ruling became final in the issue-preclusion sense. Its terms are conclusive insofar as they declare that (a) Oklahoma is not an available forum to litigate rights derived from the parties' contract in which the forum-selection clause is found and (b) litigation of those rights may be conducted in a Texas forum.

National Diversified Business Services, Inc., 1997 OK 36 ¶ 14, 946 P.2d at 667.

¶26 The Court reasoned that both of National's lawsuits were lawsuits seeking to recover for rights arising from the parties' contract. As a result, the issue of the application of the forum selection clause could not be relitigated because of the doctrine of issue preclusion. The change of theory did not save National's lawsuit because the lawsuit arose from the contract with its forum selection clause.

¶27 This decision does not serve as a parallel or analogous authority. In Willis' case, the first decision dealt with subject-matter jurisdiction. In National Diversified Business Services, Inc., the trial court had subject-matter jurisdiction, but enforced a contract provision that selected a forum. This forum selection issue could not be relitigated.

¶28 As a general rule, the doctrine of issue preclusion will apply whether the issue first adjudicated is personal jurisdiction or subject-matter jurisdiction when all criteria are met and no exception applies. Veiser v. Armstrong, 1984 OK 61, ¶ 18, 688 P.2d 796, 802. However, the doctrine applies only to the specific jurisdictional issue decided. Moreover, dismissal for want of jurisdiction does not prevent filing a new lawsuit on the same cause of action because the matter had not been resolved on the merits. Gottsch v. Ireland, 1961 OK 4, ¶¶ 16-17, 358 P.2d 1097, 1100-01. The jurisdictional issue was subject-matter jurisdiction and the court held that the first action was not res judicata (claim preclusion) as the claim had not been tried. There, the first case was brought prematurely so that the court did not have jurisdiction "at that time." Gottsch, 1961 OK 4 ¶ 14, 358 P.2d at 1100-01. However, the second case was not premature.

¶29 Likewise, in Swan v. Sargent Industries, 1980 OK CIV APP 49, ¶ 15, 620 P.2d 473, 477 (approved for publication by the Supreme Court)(emphasis added), the Court held that "while a dismissal for want of personal jurisdiction over the defendant does not preclude litigation of the merits before a court of proper jurisdiction that it does preclude relitigation of the question of the court's jurisdiction at that time.[5] It does not prevent a court acquiring jurisdiction by virtue of subsequent facts, e.g. later personal service on the defendant while he is present in the state." When applied to Willis' case, Swan means that Willis is precluded from relitigating the technical issue of the District Court's jurisdictional decision at that time, but subsequent events might change the result.

¶30 This Court concludes that the subject-matter decision in Willis' first action may be afforded issue preclusion effect unless there is an exception which results in the doctrine not being applied. In this connection, this Court observes that, as a general rule, in the cases where a decision is used for issue preclusion effect that decision was correct at the time made, or at least not palpably incorrect. In light of the numerous and diverse applications of the "law in effect at the time of injury" cases, the first decision in Willis' case cannot be found to have been correct when made and that conclusion is, of course, confirmed by Young.

¶31 Nevertheless, in some instances a change of law or facts has served to allow the second litigation notwithstanding the finality of a particular issue. See, In re Johnson, 85 P.3d 1252, 1256-57 (Kan. Ct. App. 2004) (Appellate Court examined the record, found new circumstances and did not apply issue preclusion to a prior determination of lack of jurisdiction).[6] Thus, a change in law serves to remove the issue preclusion effect of a prior decision. In re Town of West Jordan, Inc., 326 P.2d 105 (Utah 1958); see Soults Farms, Inc., v. Schafer, 797 N.W.2d 92, 107 (Iowa 2011) (recognizing exception to application of doctrine identified in Restatement (Second) of Judgments § 28(2) "intervening change in the applicable law").

¶32 The Restatement recognizes exceptions to the application issue preclusion. Restatement (Second) of Judgments § 28.[7] One exception arises when there has been a change in the law.

¶33 This brings the matter to the third question because the Young decision came after the trial court's Order in this appeal. As a general rule, the appellate court applies the law in effect when the appeal is decided.[8] Gentry v. Cotton Elec. Coop., Inc., 2011 OK CIV APP 24, 268 P.3d 534. Here, this would include Young and its clarification of the law notwithstanding the fact that Young was not available to the trial court when it decided the case.

¶34 Here, the first decision in Willis' case is now clearly erroneous in light of the Supreme Court's decision in Young v. Station 27, Inc. Without question this is both a material and a new-to-the-case circumstance. Whether Young be characterized as a clarification of existing law or new law is legally insignificant. This Court holds that to apply issue preclusion here will result in a manifestly inequitable administration of the laws.

¶35 The trial court here does have subject-matter jurisdiction. Therefore, a new determination of the subject-matter jurisdiction was warranted. The trial court erred by dismissing the action and the judgment is reversed.

¶36 Furthermore, after Willis' first petition was dismissed, he filed an action with the Workers' Compensation Commission asserting his retaliatory discharge claim. The RMLS filed a motion to dismiss, arguing that only the District Court had jurisdiction of that claim, based on the fact that Willis' date of injury predated the legislation creating the Commission. The Commission agreed and dismissed Willis' action.

¶37 In this case, Willis has filed his retaliatory discharge claim in the District Court. The doctrine of judicial estopple applies to prevent the Employer from taking a position in this case that is inconsistent with the position the Employer successfully argued in the Commission. Bank of the Wichitas v. Ledford, 2006 OK 73, ¶ 23, 151 P.3d 103 (noting Oklahoma's recognition of the doctrine providing that "a party who has knowingly assumed a particular position dealing with matters of fact is estopped from assuming an inconsistent position to the detriment of the adverse party"). As a result, RMLS cannot deny that the District Court has jurisdiction of Willis' wrongful discharge claim.

SUMMARY

¶38 Willis claims that he sustained a work-related injury while employed by RMLS. The date of the injury preceded enactment of the Administrative Workers' Compensation Act. Willis filed a workers' compensation claim and was subsequently discharged.

¶39 Willis filed a retaliatory discharge action in District Court. Although this was the correct forum for his action, the District Court dismissed for lack of subject-matter jurisdiction and ruled that the new law and its procedures applied. Willis did not appeal. Instead, he filed with the Workers' Compensation Commission where the ruling was that the District Court, not the Commission, had jurisdiction due to the date of the injury. (Young, decided later, held that the date of injury controlled the forum selection.)

¶40 Willis then filed the present action in District Court. That court ruled that Willis' claim was barred by the doctrine of claim preclusion. This ruling was erroneous because the claim had not been previously litigated. Thus, the question became whether the prior subject-matter jurisdiction ruling operated to invoke the doctrine of issue preclusion.

¶41 The doctrine of issue preclusion applies in matters of personal or subject-matter jurisdiction. Thus, it would apply here unless an exception intervenes. One such exception is when a change of circumstances or law is such that to apply issue preclusion would result in a manifestly inequitable administration of the laws.

¶42 This Court holds that the exception applies here and issue preclusion will not lie to bar Willis' action. To rule otherwise would result in a manifestly inequitable administration of the laws. This Court further holds that the doctrine of judicial estoppel applies to prevent RMLS from taking inconsistent positions in different forums. Therefore, the judgment of the trial court is reversed and the cause is remanded for further proceedings.[9]

¶43 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

 


GOODMAN, J., concurs, and FISCHER, P.J., concurs in result.




FISCHER, P.J., concurring in result:


¶1 After Willis's first petition was dismissed, he filed an action with the Workers' Compensation Commission asserting his retaliatory discharge claim. The Employer filed a motion to dismiss, arguing that only the district court had jurisdiction of that claim, based on the fact that Willis's date of injury predated the legislation creating the Commission. The Commission agreed and dismissed Willis's action.

¶2 In this case, Willis has filed his retaliatory discharge claim in the district court. I would apply the doctrine of judicial estopple and prevent the Employer from taking a position in this case that is inconsistent with the position the Employer successfully argued in the Commission. Bank of the Wichitas v. Ledford, 2006 OK 73, ¶ 23, 151 P.3d 103 (noting Oklahoma's recognition of the doctrine providing that "a party who has knowingly assumed a particular position dealing with matters of fact is estopped from assuming an inconsistent position to the detriment of the adverse party"). As a result, in my view, the Employer cannot deny that the district court has jurisdiction of Willis's wrongful discharge claim. For this reason, I concur in the result reached by the Majority.



FOOTNOTES


[1] It is noted that RMLS sought dismissal of the first action on the ground that the Disrict Court did not have subject-matter jurisdiction. Then, when Willis filed in the administrative workers' compensation court, RMLS sought dismissal on the ground that that forum did not have subject-matter jurisdiction. Thus, RMLS took opposite positions in each forum. There is no indication in the appellate Record that Willis confronted RMLS's inconsistent position with an issue preclusion plea or claim of estoppel.



[2] RMLS' argument before the trial court intermixed claim preclusion and issue preclusion. Record, Tab 2, pp. 4-5.



[3] 85 O.S. Supp. 2017, § 7 prohibits an employer from discriminating or retaliating against an employee filing, in good faith, a workers' compensation action. Title 85 O.S.2011, § 341 also prohibited discharge for filing a claim in good faith. The fact that AWCA establishes a different forum and measure of compensation does not alter the fact that there is a single transaction or occurrence.



[4] The general rule is set out in Restatement (Second) of Judgments § 27:

§ 27 Issue Preclusion--General Rule

When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

The Oklahoma Supreme Court has accepted the wording of the Restatement (Second) on Judgments which defines the versions of the preclusion doctrines. Veiser v. Armstrong, 1984 OK 61, 688 P.2d 796.



[5] 47 Am. Jur. 2d Judgments §557.

Even though a judgment disposes of the action without a determination of the merits of the cause of action, it is nevertheless conclusive as to the issues or technical points actually decided therein, and this rule has been applied to a judgment based on want of jurisdiction, so as to render conclusive the prior court's determination of its lack of jurisdiction, as well as questions material to the issue of jurisdiction and actually decided by the judgment.



[6] See, In re Sporn, 215 P.3d 615 (Kan. 2009) where there were no changes subsequent to the first judgment.



[7] The Restatement reads, in part:

Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:

. . . .

(2) The issue is one of law and (a) the two actions involve claims that are substantially unrelated, or (b) a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws; or

. . . .

(5) There is a clear and convincing need for a new determination of the issue (a) because of the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the initial action, (b) because it was not sufficiently foreseeable at the time of the initial action that the issue would arise in the context of a subsequent action, or
(c) because the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action.


Comment c reads:

c. Change in applicable legal context; avoidance of inequitable administration of the laws.
Even when claims in two actions are closely related, an intervening change in the relevant legal climate may warrant reexamination of the rule of law applicable as between the parties. Such reexamination is particularly appropriate when the application of the rule of issue preclusion would impose on one of the parties a significant disadvantage, or confer on him a significant benefit, with respect to his competitors. . . . But even when such competition is lacking, reexamination is appropriate if the change in the law, or other circumstances, are such that preclusion would result in a manifestly inequitable administration of the laws.



c. Change in applicable legal context; avoidance of inequitable administration of the laws. Even when claims in two actions are closely related, an intervening change in the relevant legal climate may warrant reexamination of the rule of law applicable as between the parties. Such reexamination is particularly appropriate when the application of the rule of issue preclusion would impose on one of the parties a significant disadvantage, or confer on him a significant benefit, with respect to his competitors. . . . But even when such competition is lacking, reexamination is appropriate if the change in the law, or other circumstances, are such that preclusion would result in a manifestly inequitable administration of the laws.



[8] Although the trial court did not have the benefit of Young when this case was decided, it is this Court's view that Young does not represent "new" law, but rather a clarification of existing law. Thus, the Young Court characterized the AWCA's retaliatory discharge provision as a "continuation of public policy" from prior workers' compensation law. Moreover, the "date of injury has long been the point in time in workers' compensation cases when rights of the parties become established." Williams Companies v. Dunkelgod, 2012 OK 96, ¶ 14, 295 P.3d 1107, 1111-12. There, the Court quoted King Manufacturing v. Meadows, 2005 OK 78, 127 P.3d 584, 589 (footnotes omitted), as follows:

The general rule is that the law in effect at the time of an employee's injury controls in workers' compensation matters. A compensation claim is controlled by the laws in existence at the time of injury and not by laws enacted thereafter. The right of an employee to compensation arises from the contractual relationship existing between the employee and the employer on the date of injury. The statutes then in force form a part of the contract and determine the substantive rights and obligations of the parties. No subsequent amendment can operate retrospectively to affect in any way the rights and obligations which are fixed.



[9] This Court expresses no views whatsoever about the merits of Willis' claim.




 

 







 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2011 OK CIV APP 24, 268 P.3d 534, GENTRY v. COTTON ELECTRIC COOPERATIVE, INC.
Discussed
 1980 OK CIV APP 49, 620 P.2d 473, Swan v. Sargent Industries
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1997 OK 36, 946 P.2d 662, 68 OBJ 1167, National Diversified Business Services, Inc. v. Corporate Financial Opportunities, Inc.
Discussed at Length
 1961 OK 4, 358 P.2d 1097, GOTTSCH v. IRELAND
Discussed at Length
 1962 OK 72, 371 P.2d 486, McDANIEL v. McCAULEY
Discussed
 2005 OK 78, 127 P.3d 584, KING MANUFACTURING v. MEADOWS
Discussed
 2006 OK 73, 151 P.3d 103, BANK OF THE WICHITAS v. LEDFORD
Discussed at Length
 2008 OK 1, 176 P.3d 1204, DARROW v. INTEGRIS HEALTH, INC.
Discussed
 2009 OK 20, 206 P.3d 599, WELCH v. CROW
Discussed
 2012 OK 96, 295 P.3d 1107, WILLIAMS COMPANIES, INC. v. DUNKELGOD
Discussed
 1977 OK 178, 572 P.2d 966, RETHERFORD v. HALLIBURTON CO.
Discussed at Length
 2017 OK 68, 404 P.3d 829, YOUNG v. STATION 27, INC.
Discussed
 1997 OK 144, 949 P.2d 680, 68 OBJ 3883, DANNER v. DILLARD DEPT. STORES, INC.
Discussed
 1998 OK 24, 956 P.2d 887, 69 OBJ 1172, MILLER v. MILLER
Discussed at Length
 1984 OK 61, 688 P.2d 796, Veiser v. Armstrong
Discussed at Length
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 341, Repealed
Cited
 85 O.S. 7, Repealed
Cited
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 7, Prohibition of Discrimination or Retaliation Against Employee Acting in Good Faith - Jurisdiction - Awards - Exclusivity
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA